## AT NISI PRIUS, AT LANCASTER, SEPTEMBER ASSIZES, 1796.

CORAM YEATES AND SMITH, JUSTICES.

SAMUEL NEAVE *against* JOHN JENKINS.

Though there are actual words of transfer in an instrument, it shall be construed as an agreement to convey, if such appears to have been the parties intention.

Where in covenant a plaintiff avers performance, he is bound to prove it.

The plea of covenants performed admits the execution of the instrument, but not the plaintiff's performance of his part of the agreement.

THE plaintiff declared on articles of agreement executed between him and the defendant, dated February 1st, 1788, whereby the said J. covenanted to pay the said S. 97*l*. 4*s*. 5*d*. on the 1st February 1789, with interest, and the like sum of 97*l*. 4*s*. 5*d*. on the 1st February 1790, with interest, and the sum of 97*l*. 4*s*. 5*d*. on the 1st February 1791; in consideration whereof the said S. conveyed to the said J. and his heirs one undivided sixth part of two tracts of land in Caernarvon township, containing 176 acres, and covenanted to execute a good and sufficient title thereof at the proper costs and charges of the said J., on or before the 1st May 1788, and to warrant and defend the same against all persons whatsoever; and the said J. further covenanted on execution of the conveyance to give bonds and security for the aforesaid sums of money, payable as aforesaid.

And although the said S., in pursuance of the said article of agreement, did make and execute to the said J. his heirs and assigns, a good and sufficient deed or title, according to the form and effect of the said articles, nevertheless the said J. hath not paid to the said S. the several sums of money aforesaid, nor hath he given him the bonds and security aforesaid," &c.

Defendant pleaded covenants performed; plaintiff replied and assigned the same breaches as in the declaration. On the trial, a deed was shown, which it was said had been tendered, previous to 1st May 1788, but no proof hereof was given.

It was objected, that without such the plaintiff must fail in his action. Here it was expressly stipulated, that the execution of the deed with warranty should precede the bonds and security for the consideration money, and ought to have been delivered at least nine months before the first instalment became due.

It may be said there are words of actual grant, but to this it may be answered, the plaintiff is a married man, and the wife by possibility may become entitled to dower in the premises. Besides the clear meaning of the parties was, that the instrument should operate merely as an agreement. It is so stiled, and contains a covenant to make a good title with warranty at

a future day. A deed shall operate according to the intention of the parties, if by law it may. Cowp. 600.

Considering it as a contract to convey at a particular day, and that the defendant agreed to pay the consideration money on that day, in the nature of the thing the two acts must be done together, and the covenants must be considered as dependant. The plaintiff could not recover, without showing he had delivered or tendered a conveyance. This point has been expressly determined in 4 Term Rep. 761, on a demurrer, where the ancient authorities to the contrary were fully considered and overruled.

The plaintiff's counsel contended that the covenants were independant, and the instrument would take effect as a deed in fee simple by apt words. The consideration of the covenant made by the defendant, was the actual immediate grant by the plaintiff. But suppose a contrary construction should take place, the future deed was to be made at the cost and charges of the defendant, and this implies an election on his part what kind of conveyance it should be, and who should draw it. Moreover, the present issue being taken on the plea of covenants performed, the performance of the covenants on the plaintiff's part seems thereby admitted.

But by the court. It is sufficiently clear from the whole of the instrument taken together, and the circumstance of the plaintiff being then a married man, that the real intention of the parties was that it should be considered merely as articles executory. Here the plaintiff was to do the first act, by making a good and sufficient title to the lands on or before the 1st May 1788. The stipulation that the deed should be made at the expense of the defendant does not vary the case. Moor, 645. 5 Co. 22. b. 10 Mod. 505. Further, the plaintiff has expressly laid his having made such a deed as the agreement obliged him to make, and having made such averment he is bound to prove it. The plea of covenants performed admits the execution of the instrument, and supersedes the necessity of other proof; but it does not admit that the adverse party has fully performed his agreement. It may be compared to the plea of payment, under which by our practice, Dall. 17, 260, mistake or want of consideration may be given in evidence, and the jury ought to presume every thing to have been paid, which in equity and good conscience ought to be paid. The exception therefore seems fatal to the plaintiff's suit. 1 Salk. 112. 8 Mod. 40. 1 Stra. 569.

The merits of the defence resting on the construction of a will, under which the plaintiff made title to the lands sold, it was afterwards agreed by the counsel, that a verdict should be taken for the plaintiff for 429*l.* 4*s.* 8*d.* damages, subject to the courts' opinion, on a case to be stated in bank.

Messrs. Ingersoll and J. B. M'Kean, *pro quer.*

Messrs. Montgomery and Hopkins, *pro def.*