Daniel, Judge.
The authorities cited by the plaintiff’s counsel, shew clearly that the judge erred, when he decided the plaintiff could not sustain an action of Trover in his own name, to recover the value of the articles mentioned in the deed, if they were converted by the defendants. Dwight, in the premises of the deed, bargained and sold the property .to the plaintiff, his heirs, executors, &c. However, in the same deed, the habendum is to M. W. Curry, his heirs and assigns in trust, &c. All the parts of a deed which precede the habendum, taken together, are called the premises; of which it is said, the office is rightly to name the grantor and grantee, and to comprehend the certainty of the thing granted. But though the grantee should first be named in the ha-bendum, the grant to him will yet be good, provided there was not another grantee named in the premises. Co. Lit. 26, b. note; or if there were, provided the estate given by the habendum to the new grantee was not immediate, but by way 0f remainder. ■ The habendum part of a deed was originally used to determine the interest granted, or to lessen, *435 enlarge, explain or qualify the premises. But it cannot form the office of divesting an estate already vested by deed; for it is void if it be repugnant to the estate granted in the premises. 2 Bla. Com. 298 Goodtitle v. Gibbs, 5 Barn. & Cress. 709. 4 Kents Com. 468. Chancellor Kent marks, that in modern conveyancing the habendum clause in deeds has degenerated into a mere useless form; for the premises contain the names of the parties and the speciflcation of the thing granted, and the deed becomes effectual ° * without any habendum. In the case before us, the whole interest in the property is granted and conveyed to the plaintiff in the premises of the deed. The same interest afterwards limited in the habendum to Curry, makes that part of the deed repugnant to the premises, and therefore void. The judgment of nonsuit must be set aside, and a new trial granted.
Per Curiam. Judgment reversed.