No. 45.—H. McGLAWN, administrator, &c. plaintiff in error, vs. DAVID McGLAWN, defendant in error.

[1.] An instrument, in form or deed, and conveying a female slave, for and in consideration of the sum of five hundred dollars, to be delivered at the death of the seller, is not a testament, and therefore revocable: but is, to all intents and purposes, an absolute disposal of the remainder in the negro, after the life estate has ended.

Trover, in Chattahoochee Superior Court. Tried before Judge WORRILL, November Term, 1854.

The sole question in this case was, whether the following instrument was a deed or a testamentary paper:

GEORGIA—MUSCOGEE COUNTY:

Know all men by these presents, that J. Hardy McGlawn, of the said County of Muscogee, for and in consideration of the sum of Five Hundred Dollars, to me in hand paid, by my son, David McGlawn, the receipt whereof is hereby acknowledged, have bargained, sold and conveyed, and by these presents do bargain, sell and convey to the said David, his heirs and assigns, a certain negro girl about 13 years old, of black complexion, named *Liz; to be delivered* to the said David at my death, and not before. And I hereby bind my heirs, executors and administrators, to warrant and defend the right and title in and to the said negro girl, to the said David, from the claim of any person or persons whatsoever. In witness whereof, I have hereto set my hand and seal, this the 9th day of November, 1836.

his<br>
HARDY ✕ McGLAWN, [L.S.].<br>
mark.

Test,    MARTHA ✕ POWELL.<br>
              her mark.<br>
DANIEL M. HALL.

McGlawn, adm'r, &c. *vs.* McGlawn.

This instrument was recorded upon the probate of one of the witness.

The Court below held this instrument to be a deed, and this decision is assigned as error.

HARRISON, for plaintiff in error.

STUBBS & HILL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This instrument is, to all intents and purposes, a sale, for a valuable consideration, ($500) of a slave, the seller reserving to himself a life estate in the property. In other words, it is the purchase of the remainder, after the life estate has terminated. We concur with the Circuit Court, that the paper was irrevocable and not testamentary in its character.