Hobgood *vs.* Còchran.

---

James L. Hobgood, plaintiff in error, *vs.* John S. Cochran, defendant in error.

1. When the evidence justifies and sustains the verdict, a new trial will be refused.

Assumpsit, in Fayette Superior Court.   Tried before Judge Hammond, at the September Term, 1860.

On the 24th of May, 1858, John S. Cochran sued James L. Hobgood, in the Superior Court of Fayette county, to recover the sum of $140 01, which plaintiff alleged that the defendant owed him for work and labor from the 29th of September, 1856, until the 26th of April, 1857, at $15 00

per month, and for two hundred and seventy-one pounds of cotton, at 13⅓ cents per pound, and one horse collar, at 25 cents, and seventeen and a half bushels of coal, at 4 cents per bushel.

The defendant pleaded that he owed plaintiff nothing for work in 1856, for all that he did for defendant in that year was in consideration that defendant would, and did furnish hands to aid plaintiff in gathering his crop; and that he owed plaintiff nothing for work in 1857, for that he and plaintiff made a special contract, in which it was agreed, that plaintiff should serve the defendant as cropper, or overseer, for said year of 1857, for the one-eighth part of the crops made in that year, and that plaintiff, after working under said contract until some time in April, without cause or provocation abandoned the contract and the work, and quit defendant's service without his consent.

The defendant also pleaded a set-off of $48 97.

On the trial of the case the accounts on both sides were all admitted to be due, except the item in plaintiff's account for work, and that was the only question in controversy.

In behalf of the plaintiff it was shown by the testimony of Thomas J. Heard that plaintiff went to work for defendant about the 1st of October, 1856, and continued until about the last of April, 1857, and that he worked well, and that his services were worth $15 00 per month; that the defendant's hands did assist the plaintiff to gather his crop in 1856, but that plaintiff could have gathered it himself in fifteen days; that when plaintiff went to defendant's to work, the latter told witness that he had hired plaintiff until Christmas, and that if he liked him he should keep him for 1857.

On the part of defendant, Jesse Hightower testified, that in the latter part of 1856, he heard the parties agree that the plaintiff should come and take charge of defendant's hands and gather the crops of both parties at once, so as to make timely preparation for the succeeding crop of 1857; that the parties also agreed that the defendant should furnish land, hands, tools, stock, etc., and plaintiff should work with and superintend the hands, and receive for his services a hand's

Hobgood *vs.* Cochran.

part, the (land, tools, stock, etc., to be counted a hand); that some time in 1857, in the spring or summer, it may have been later, plaintiff came to witness, and requested him to draw up an agreement in writing between the parties; witness consented to do so, provided the defendant was there to agree to it; witness told plaintiff it was no use to draw up an agreement unless both parties were there to agree, that the other might differ when he saw it; witness did not see plaintiff working on defendant's farm after the conversation about drawing up a contract.

The evidence being closed, the Court charged the jury, " that plaintiff could not abandon his contract and sue, unless he and defendant mutually agreed to abandon it; that if defendant had discharged plaintiff without just cause, or if both parties had mutually agreed to abandon the contract, then plaintiff was entitled to recover in money for the time he had worked for defendant, at such price as his services were proven to be reasonably worth."

The jury found for the plaintiff the sum of $76 55, and defendant's counsel moved for a new trial on the grounds:

1st. That the verdict was contrary to the evidence, the weight of the evidence, and without sufficient evidence to support it, and therefore contrary to law.

2d. That the Court erred in charging the jury as set forth, there being no evidence to warrant such a charge.

TIDWELL & WOOTEN, for plaintiff in error.

BLALOCK and Q. C. GRICE, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

In the first place, it is not satisfactorily proven that there was any special contract. Jesse Hightower is the witness that proves it, and yet he testified that some time in the year 1857 plaintiff came to him and wanted him to draw up *an* agreement in writing between him and defendant, and he told plaintiff he would do so, provided defendant was there to agree to it; that there was no use to draw it unless both

parties were there to agree; that the other might differ when he saw it.

Now I submit, that it does not look as if this witness had witnessed a valid agreement between the parties for the year 1857, previous to this time.

There is another remarkable thing in the defendant's case, to-wit: the discrepancy between the special contract, plead by him and proven by this witness, Hightower; according to the former, the plaintiff was to have one-eighth of the crop; by the latter, the defendant was to furnish "hands, tools, lands, stock, etc." and the plaintiff was to have for his compensation a hand's part—the lands, tools, stock, etc., to be counted a hand. It may be, that reckoned in this way, it would constitute an eighth—still it does not appear that it is so—and there is wanting the necessary amount to make it so.

The plaintiff's case is fully made out by Thomas J. Heard, whose testimony in rebuttal is contradictory to that of Hightower.

From all these circumstances, the jury were justifiable in finding that the special contract was not satisfactorily proven, and they might award to the plaintiff what his services were reasonably worth.

Let the judgment be affirmed.