CHARLES W. HUNTINGTON vs. ARTHUR T. LYMAN.

Suffolk.    Nov. 26. — Dec. 1, 1884.    C. ALLEN & COLBURN, JJ., absent.

A grant was made to A., her heirs and assigns, habendum to A., " to her sole and
separate use, free from the control or interference of any husband she may
have, and to the use of heir heirs and assigns forever." *Held*, that the word
" heir " was a clerical mistake for " her," and that she took an estate in fee
simple.

BILL IN EQUITY, filed November 7, 1884, for specific perform-
ance of the following agreement, dated May 2, 1884, and signed
by the plaintiff and defendant :

" Charles W. Huntington agrees to sell to Arthur T. Lyman,
and said Lyman agrees to buy of said Huntington, the house
and lot now numbered 74 Mt. Vernon Street in Boston, for the
sum of seventeen thousand seven hundred and fifty dollars.
The premises are to be conveyed free from any incumbrance,
and the title is to be good and indefeasible.    The deed is to be
delivered and the consideration paid on or before June 1 next."

The bill alleged readiness on the part of the plaintiff, at all
times since the signing of the agreement, to perform the same,
and a failure on the part of the defendant to perform his part
of the agreement.

The answer denied that the plaintiff had a title in fee to the
estate which he could convey ; and alleged that he could convey
a title only for the life of one Mary Frazier Curtis ; and that
the plaintiff's title was derived as follows :

Daniel Sargent died, seised in fee of the estate, in 1842.    By
his will, which was duly admitted to probate, the estate was
devised in fee to his daughter, Maria Osborne Curtis, and her
husband, Thomas B. Curtis.    Maria Osborne Curtis deceased
before her father, leaving her husband, Thomas B. Curtis, sur-
viving, and as her only heirs two children, named Daniel Sar-
gent Curtis and Mary Frazier Curtis.    By deed dated April 9,
1852, Thomas B. Curtis and Daniel Sargent Curtis united in a
deed of said estate to the said Mary Frazier Curtis.    The consid-
eration named in said deed was " one dollar " and " other good
considerations."    By the terms of said deed, Thomas and Daniel
did " give, grant, sell, and convey to the said Mary Frazier and

her heirs and assigns" the said premises, properly described therein, "to have and to hold the premises to the said Mary Frazier, to her sole and separate use, free from the control or interference of any husband she may have, and to the use of heir [*sic*] heirs and assigns forever." The deed contained no covenant whatever. Mary Frazier Curtis, by deed dated October 26, 1854, conveyed the said estate to Daniel S. Curtis, covenanting that the granted premises were free from all incumbrances made or suffered by her, and warranting the same against the claims and demands of all persons claiming by, through, or under her, but against none other. The plaintiff derives his title to the said premises by mesne conveyance from Daniel S. Curtis.

The said Mary Frazier Curtis is still living, and has never been married. Her father, the said Thomas B. Curtis, has deceased, but left children, by a second wife, who are now living.

The case was heard on the bill and answer, by *Field,* J., who reserved it for the consideration of the full court.

*C. W. Huntington,* pro se.

*H. H. Sprague,* for the defendant, contended that, by the terms of the habendum in the deed to Mary Frazier Curtis, she took, under the Rev. Sts. c. 59, § 9, (Pub. Sts. c. 126, § 4,) an estate for life only, with remainder to her heirs.

BY THE COURT. Mary Frazier Curtis took a fee simple under the deed from Thomas B. and Daniel S. Curtis. The granting part clearly gives her a fee simple. The habendum is to her and "to the use of heir heirs and assigns forever." Plainly the word "heir" is a clerical mistake for "her." The provision, that she is to hold the premises free from the control of any husband she may have, is surplusage, but it does not show any intention to cut down or limit the grant of a fee simple clearly made in the granting part of the deed.

*Judgment for the plaintiff.*