WHITE, administrator, *vs.* HOPKINS.

1. The test to determine whether an instrument is a deed or a will is, whether it is to take effect immediately or after the death of the maker. Under this rule, the instrument in this case is a deed.
2. If this position were not tenable, the two clauses of the deed would be utterly inconsistent, and the former would prevail.

November 29, 1887.

Deeds.    Written instruments.    Wills.    Construction.
Before Judge LUMPKIN.    Madison superior court.    March
term, 1887.

Reported in the decision.

J. J. STRICKLAND, for plaintiff.

A. S. ERWIN, K. H. KENNEBREW, H. H. CARLTON and D.
W. MEADOW, for defendant.

SIMMONS, Justice.

J. H. White, administrator, brought ejectment against
Lewis Hopkins, the defendant in error; and on the trial
thereof the jury found in favor of the plaintiff.    A motion
for a new trial was made by the defendant upon the sev-
eral grounds mentioned therein, which was granted by the
court below; and the plaintiff excepted and brings the
case here for review.
. The only question for us to determine in this case is, the
proper construction of the paper offered in evidence by
the defendant below, and ruled out by the court.    It is a
paper in the nature and form of a deed, made on the 11th
of February, 1882, between Lemuel Hopkins, the intestate
of the plaintiff in error, and Lewis Hopkins, both of Madi-
son county; the consideration of the deed or paper being
for the services of Lewis Hopkins, his wife and children,
"in taking all necessary care of his person and dwelling-
house, and doing his cooking, washing and other necessary
things to be done in housekeeping, taking care of the stock
on the plantation and carrying on the farm of said Lemuel
Hopkins, and making all necessary repairs on the same."
For these considerations, the deed recites that he has

" granted, bargained, sold, aliened, conveyed and confirmed, unto
the said Lewis Hopkins, his heirs and assigns, all that tract of land
(107 acres, described in the instrument), to have and to hold the said
bargained premises, with all the rights and appurtenances thereunto

appertaining, to the only proper use, benefit and behoof of the said Lewis Hopkins, his heirs, executors, administrators and assigns, in fee simple, subject to the before mentioned services of the said Lewis Hopkins and his wife and children, and the title to the above described tract of land to still remain in the said Lemuel Hopkins for and during his lifetime, and at his death to immediately vest in the said Lewis Hopkins in case he and his family faithfully perform their part of the contract; but in case the said Lewis Hopkins and his family and his wife and children fail to carry out their obligation, then and in that event title is not to vest in said Lewis Hopkins, but to remain in said Lemuel Hopkins and his heirs and assigns. And the said Lemuel Hopkins the said bargained premises unto the said Lewis Hopkins, his heirs, executors and administrators, and against all and every person or persons, shall and will warrant and forever defend, by virtue of these presents."

Signed, sealed and delivered in the presence of two witnesses; one of them a justice of the peace.

1. The question is, is this instrument a deed or a will? In order to determine that question, it is necessary for us to ascertain the intention of the maker, if we can do so, from the reading of the whole paper together. It is the duty of courts to construe instruments of this kind in such manner as to carry out the intention of the maker, if possible. The true test to determine whether the instrument is a deed or a will is, whether it is to take effect immediately, or to take effect only after the death of the maker· If it is to take effect after the death of the maker it is a will; if it is to take effect immediately, or if it conveys a present estate, it is a deed. Taking this rule for our guidance, let us look at this instrument and determine from it whether it conveys a present estate and is to take effect immediately, or whether it is to take effect after the death of the maker.

It is in the form of a deed; it commences as deeds ordinarily commence,—"this indenture," etc.; it recites a valuable consideration, the services of Lewis Hopkins, his wife and children, for and during the lifetime of the said Lemuel Hopkins, in taking care of his person, etc.; and for these services, he recites that he has granted, bargained, sold, aliened, conveyed and confirmed, unto the said Lewis

Hopkins, and to have and to hold the said bargained premises, etc.; it then warrants the title to the land, and recites that it was signed, sealed and delivered, and was witnessed and attested by two witnesses, one of them a justice of the peace. This, in our opinion, conveys an absolute title from the grantor to the grantee. It conveys a present interest in the land, and takes effect immediately. After it was executed it was irrevocable by the grantor. He would have had no legal right to sell the land to any other person, because the estate in the land passed out of him into the grantee when the paper was executed and delivered.

But it was argued that the words in the *habendum* clause, "that the title to the above described tract of land" should "still remain in the said Lemuel Hopkins for and during his lifetime, and at his death immediately vest in the said Lewis Hopkins," etc., shows that it was not to take effect until after his death. We do not agree with this construction. We think that the words used in the *habendum* clause are simply a reservation of a life estate in the grantor. He had already conveyed the title to the land to the grantee; and he could not pass the title into the grantee and reserve it in himself at the same time. It was competent for him to reserve a life estate in the land, and to retain possession of the same until his death. It was competent for him to convey an estate to the grantee upon a condition *subsequent*, to be defeated in the event that the condition was not complied with. These words make this instrument defeasible, subject to be defeated upon the failure of the grantee to perform his part of the contract. To give the paper this construction, the whole of the instrument will stand, and the intention of the grantor will thus be carried out. To construe it as a will, the intention of the grantor would be defeated, because it cannot be set up as a will, having only two witnesses.

Upon this subject and sustaining these views. see 3 *Kelly*, 460; 4 *Ga.* 75; 6 *Ga.* 526; 15 *Ga.* 103; 29 *Ga.* 677; 22

*Ga.* 472; *Id.* 462; *Id.* 491; 31 *Ga.* 720. In this last case the words of the deed were, "do give, grant and convey" certain property, "to have and to hold after my death the aforesaid property." It was held "that in the first clause there was a clear gift in *presenti*, and that the words 'after my death,' in the *habendum*, may be construed as a postponement of possession and enjoyment of the property by the donees until after the donor's death, and a reservation of an estate in himself for his lifetime; and thus reconciled, it is a clear gift in *presenti*."

In 17 *Ga.* 234, the words were, "bargained, sold and conveyed, and by these presents do bargain, sell and convey to the said David, his heirs and assigns," a certain negro girl, "to be delivered to the said David at my death, and not before." This was held "to be to all intents and purposes a sale for a valuable consideration, the seller reserving to himself a life estate in the property." See also 13 *Ga.* 515.

2. If this position should be deemed untenable, we would still hold the instrument to be a deed on the ground that these words in the *habendum* clause would be repugnant to the first part of the deed, or the granting clause. "If two clauses in a deed be utterly inconsistent, the former must prevail." Code, §2697. "A condition repugnant to the estate granted is void." Code, §2296. The condition inserted in the *habendum* clause of this deed, unless construed as above, is certainly inconsistent with the first part of the deed. The first part, as we have shown, clearly conveys the title and the present estate in the land to the grantee; and the attempt by the grantor, in a subsequent part of the deed, to retain the title in himself is inconsistent with the first part of the deed, wherein he had already conveyed the title out of himself; and under the code, the former must prevail. "If the *habendum* be repugnant to the premises, it shall be void; as, if a grant be of all his term *habendum* after his death, the *habendum* will be void." 4 Comyn's Digest, 392; title

Grant, E., 10. "And the grantee will take the estate given in the premises; a consequence of the rule that deeds shall be taken most strongly against the grantor, and therefore that he will not be allowed to contradict or retract, by a subsequent part of the deed, the gift made in the premises." 32 *Ga.* 539. Taking either view of the case, we hold that the instrument is a deed, and that the court did right in granting a new trial.

Judgment affirmed.