FREDERICK BASSETT AND CHARLES BEEMAN v. BERTHA. M. BUDLONG AND AARON BREWER.

[See 66 Mich. 509.]

*Deed—Fee-simple—Reservation—Construction.*

1. In this case a quitclaim deed from a husband purporting to convey to his wife, and to her heirs and assigns, forever, the farm on which they resided, but which was declared to be upon cer-

tain express conditions and reservations following the *habendum* clause, namely:

*a*—That the grantee should not convey or mortgage the land during the life-time of the grantor, without his written assent, or his joining in the conveyance; and,—

*b*—That, in case of the death of the grantee prior to the grantor's decease, the land should revert to him and to his assigns,—

Is *held* not to convey the land to the grantee in fee-simple absolute, but that the effect of the arrangement entered into was that the title should, in the event of the death of *either* of the parties, pass to the *survivor*.

2. The following propositions are summarized from the opinion of Mr. Justice CHAMPLIN:

*a*—The proposition that a condition, reservation, or exception which restricts a grant of a fee-simple absolute title to land, being repugnant to the granting part of the deed, is void, can only be true in those cases where the repugnancy is such that the intention of the parties cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect in accordance with established principles of law.

*b*—Every deed or contract is supposed to express the intention of the parties executing it, and when the object or purpose of such instrument is called in question in a court of justice the first inquiry is, what is the intention of the parties, as expressed therein, and it is the duty of the court to so construe said instrument as to carry out such intent, if no legal obstacle lies in the way.

*c*—In *Williams v. Bentley*, 27 Penn. St. 294, it was held that the strongest words of conveyance in the present tense will not pass an estate, if from other parts of the instrument a contrary intention appears.

*d*—Where a husband and wife desire that real estate, owned by the husband, shall in the event of the death of either go to the survivor, a simple way to accomplish this object is to unite in a deed to a third party, and have him reconvey to them jointly, and the survivor under the statute will succeed to the whole title and estate. How. Stat. §§ 5560, 5561; *Fisher v. Provin*, 25 Mich. 347; *Ins. Co. v. Resh*, 40 Id. 241; *Allen v. Allen*, 47 Id. 74.

Error to Kent. (Grove, J.)    Argued October 16, 1889.    Decided November 1, 1889.

Ejectment. Defendants bring error. Reversed. The facts are stated in the opinion.

*Godwin, Adsit & Dunham,* for appellants, contended for the doctrine stated in the opinion.

*Maher & Felker,* for plaintiffs, contended:

1. Where a testator who had devised land to a devisee, "her heirs. and assigns, forever," cancelled the quoted words, it was held that the previous devise in fee was cut down to a life estate; citing *Swinton v. Bailey,* 1 Exch. Div. 110; 1 Jarm. Wills (R. & T. ed.), 292, 293; and see *Zinc Co. v. Franklinite Co.,* 13 N. J. Eq. 322, 328.

2. Whenever the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and the subject matter of the instrument; citing *McConnell v. Rathbun,* 46 Mich. 305; *Smith v. Smith,* 71 Id. 633.

3. If, after considering the language used, in the light of existing circumstances, the interpretation of the deed still remains doubtful, the court will adopt that construction most favorable to the grantee; citing *Waterman v. Andrews,* 14 R. I. 589; *Ryan v. Wilson,* 9 Mich. 262; 4 U. S. Dig. (1st series) § 1355; 2 Devlin, Deeds, § 848; and this rule applies with especial force to conditions, exceptions, restrictions, and reservations, which are to be considered as the language of the party for whose benefit they are made; citing *Klaer v. Ridgeway,* 86 Penn. St. 529; *Jackson v. Hudson,* 3 Johns. 375; *Duryea v. Mayor,* 62 N. Y. 597; *Wiley v. Sirdorus,* 41 Iowa, 224.

4. Subject to the rule of a favorable construction in favor of the grantee, a reservation in a deed is to be construed in the same way as a grant by the owner of the soil of a like privilege or estate; citing *French v. Carhart,* 1 N. Y. 103; *Waterloo v. Union Mill Co.,* 59 Iowa, 443; 3 Washb. Real Prop. (4th ed.) 435; Boone, Real Prop. § 303; *Iron Co. v. Iron Co.,* 107 Mass. 321, 322; in which no estate can pass not plainly embraced in the words of the grant; citing *Ryan v. Wilson,* 9 Mich. 262.

5. At common law words of inheritance in a deed were necessary to the conveyance of a fee, and, in the absence of the statutory provisions to the contrary, the rule still prevails; citing *Cruise,* Dig. 294, 295; 2 Black. Com. 107; 1 Washb. Real Prop. 82, 84; 1 L. C. Am. Law Real Prop. 53; Hilliard, Real Prop. (3d ed.) 617.

6. The use of the words "forever," or "assigns," have no effect in limiting or defining the estate granted; citing 1 Washb. Real Prop. 82; *Sedgwick v. Laflin*, 10 Allen, 430; *Buffum v. Hutchinson*, 1 Id. 58; *Clearwater v. Rose*, 1 Blackf. (Ind.) 137; *Miles v. Fisher*, 10 Ohio, 1; *Dennis v. Wilson*, 107 Mass. 593.

7. Exceptions to the rule requiring words of inheritance to pass a fee have been made in respect to legislative grants, devises, grants to corporations, and conveyances to trustees where an estate in fee was necessary to the execution of the trust. But whenever this rule has been departed from in other cases, it has been where it was manifest that a conveyance in fee was intended, and in deference to the rule that a deed is to be construed most favorably to the grantee; citing *Arms v. Burt*, 1 Vt. 303; *Stevens v. Dewing*, 2 Id. 411; *Propagation Society v. Sharon*, 28 Id. 603; *Chaffee v. Dodge*, 2 Root (Conn.), 205; *True v. Nicholls*, 2 Duvall (Ky.), 547; *Saunders v. Hanes*, 44 N. Y. 358; *Merritt v. Disney*, 48 Md. 351; *Phillips v. Davis*, 69 N. C. 117; *Phillips v. Thompson*, 73 Id. 543; or where there were words of direct reference to such an estate expressed in some other written instrument, which thus became incorporated in the deed, or where a grantee in fee reconveyed the same lands to his grantor, "as fully as they were granted to him," and referred to the former deed; citing *Wickersham v. Bills*, 8 Ind. 387.

8. A conveyance without words of inheritance will not be enlarged into a fee by a reference to a will, which created a fee without such words; citing *Lytle v. Lytle*, 10 Watts (Penn.), 259; nor by a covenant of warranty in fee, or for quiet enjoyment to the grantee and his heirs; citing 4 Kent, Com. 468 (note h); *Seymor's Case*, 10 Coke, 97; *Snell v. Young*, 3 Ired. (N. C.) 379; *Roberts v. Forsythe*, 3 Dev. (N. C.) 26.

9. A reservation in a deed, being in the nature of a grant from the grantee to the grantor, requires the same words of limitation as in the direct grant, and unless the reservation be to the grantor and his heirs, only a life estate will be reserved; citing 3 Washb. Real Prop. (4th ed.) 435, 436; Boone, Real Prop. § 303; *Curtis v. Gardner*, 13 Metc. 457; *Aqueduct Corp. v. Chandler*, 9 Allen, 159; *Ashcroft v. Railroad Co.*, 126 Mass. 199; *Bean v. French*, 140 Id. 229; *Hornbeck v. Westbrook*, 9 Johns. 73; *Hornbeck v. Sleight*, 12 Id. 199; *Keeler v. Wood*, 30 Vt. 242.

10. The conveyance to Annette Budlong was not of a determinable fee, there being no qualification to the words of limitation in either the granting or *habendum* clause of the deed; citing 4 Kent, Com. 9; 1 Washb. Real Prop. 88, 89; Challis, Real

Prop. 183, 189; *Curtis v. Gardner*, 13 Metc. 457; *Aqueduct Corp. v. Chandler*, 9 Allen, 159; and it was such a deed as the statute declares "shall be sufficient to pass all the estate which the grantor could lawfully convey by a deed of bargain and sale;" citing How. Stat. § 5653.

11. If an exception extends to the whole of the thing granted, it is void; citing 4 Cruise, Dig. 289; 4 Kent, Com. 468; or if the part excepted was specifically granted, or if a person grants ten acres in specific terms, excepting one of them, the exception is repugnant to the grant, and void; citing Boone, Real Prop. § 303; 4 Kent, Com. 468; and a reservation as large as the grant is void; citing *Shoenberger v. Lyon*, 7 Watts & Serg. 184; as is one repugnant to the estate granted; citing *Erickson v. Land & Iron Co.*, 50 Mich. 604; *Mandlebaum v. McDonell*, 29 Id. 78; *Smith v. Smith*, 71 Id. 633; *Campau v. Chene*, 1 Id. 400, 410; nor can a grantee or devisee be restrained from alienating the land; citing *Mandlebaum v. McDonell*, 29 Mich. 79; *Oxley v. Lane*, 35 N. Y. 346, 347; *Lovett v. Gillender*, Id. 620; *Roosevelt v. Thurman*, 1 Johns. Ch. 228; *De Peyster v. Michael*, 6 N. Y. 467, 493; *Gleason v. Fayerweather*, 4 Gray, 348; 2 Jarm. Wills, 528; nor can a testator, after making an absolute gift or devise of property, provide that it shall not descend according to law; citing *Karker's Appeal*, 60 Penn. St. 141; *Hill v. Downes*, 125 Mass. 509.

12. Provisions following conveyances in fee have been held void for repugnancy in the following cases: *Outland v. Bowen*, 115 Ind. 150; *Edwards v. Edwards*, 2 Strob. Eq. (S. C.) 101; *Case v. Dwire*, 60 Iowa, 442; *Littlefield v. Mott*, 14 R. I. 288; *Winter v. Gorsuch*, 51 Md. 180; *In re Young*, 11 R. I. 636; *Canal Co. v. Hewett*, 55 Wis. 96; *Miner's Appeal*, 61 Penn. St. 283; *Daniel v. Veal*, 32 Ga. 589; *Blair v. Muse*, 83 Va. 238; *Keaton v. Jordon*, 52 Ga. 300; *McDowell v. Brown*, 21 Mo. 57; *Cook v. Walker*, 15 Ga. 457; *Harvesting Machine Co. v. Gates*, 75 Iowa, 343.

CHAMPLIN, J. This is an action of ejectment to recover possession of the east half of the south-west fractional quarter, and the south-west quarter of the south-west fractional quarter, of section 18, township 5 north, range 11 west, which lands plaintiffs claim in fee.

The case was tried before the court without a jury, and upon request of the parties the court made a written finding of facts; from which it appears that on August

15, 1873, one William H. Budlong was the owner in fee of the premises, and resided thereon with his wife, Annette Budlong. He also at that time owned considerable personal property. He had no children, and on the day aforesaid executed and delivered to his wife, Annette, a quitclaim deed, therein expressed to be for "the love I have for her, as my wife, and for divers other reasons, and for the consideration of $10," by which he purported to convey to his wife, her heirs and assigns, forever, the premises above described. Following the *habendum* clause of the deed was the following proviso:

"Provided, always, and this indenture is made (in all respects) upon these express conditions and reservations, that is to say:

"*First*, it is reserved that said party of the second part shall not, at any time during the life-time of the said party of the first part, convey to any person or persons, by deed, mortgage, or otherwise, the whole or any part of the said premises, as above described, without the written assent of the said party of the first part, or his joining in such conveyance.

"*Second*, it is further reserved that, in case of the decease or death of the said Annette Budlong, party of the second part, at any time before the decease or death of the said William H. Budlong, party of the first part, then, in such case, and upon such decease, the said premises, as above described, with all and singular hereditaments and appurtenances thereunto belonging, or in any way appertaining, shall forthwith, upon such decease, revert back unto the said William H. Budlong, of the first part, and to his assigns forever."

As originally prepared, the above deed contained the word "heirs" before the word "assigns" in the last clause, and, upon its being read over to Mr. Budlong, he inquired of the scrivener who would be his heirs, as he and his wife had no children, and was told that his brothers and sisters, nephews and neices, would be his heirs. He thereupon declared that he did not want any of them to have any of his property, and asked if the

instrument could not be made so as not to mention his heirs, and was told by the scrivener that he could get rid of it by erasing the word "heirs," and Budlong directed him to do so, which was done; and the instrument was thereupon executed and delivered, and was afterwards recorded on March 27, 1874.

Both parties continued to reside upon the premises until about April 7, 1886, at which time Annette Budlong died intestate as to said real estate, leaving no parent or child surviving her. Budlong continued thereafter to occupy the premises until June 25, 1886, when he died. Previous to his death, but the time is not stated, he made a last will, devising said lands to Bertha M. Budlong, her heirs, representatives, and assigns, forever, which will was admitted to probate, and the defendant Brewer was appointed administrator with the will annexed, who took possession of the premises, and was holding the same at the commencement of this suit. The plaintiff Bassett is a brother, and plaintiff Beeman is a nephew, of Annette Budlong, and are the only surviving next of kin and heirs at law of her.

It is found as a fact by the circuit judge that, in the spring of 1885, William H. Budlong stated to one Greeman that he did not own a dollar's worth of property there, and that the property was all his wife's. The testimony upon which this finding is based is not returned in the record, and the circumstances and occasion is not stated.

One other fact was found by the court, to wit: That on the same day the deed was executed a bill of sale of all the goods and chattels which William H. Budlong then owned was executed to Annette Budlong. The consideration was stated to be—

"The natural love and affection which I have and bear to my wife, Annette Budlong, and for and towards the

better support and maintenance of her after my decease, and for divers other good causes, and valuable considerations to me thereunto especially moving."

The sale was made subject to a proviso therein contained, as follows:

"Provided, always, and these presents are upon this special trust and confidence, and upon this express condition, that she, the said Annette Budlong, her heirs, executors, administrators and assigns, shall and do permit and suffer me, the said William H. Budlong, to use, keep, and enjoy all and singular the said goods and chattels during my natural life, without paying or yielding anything for the same, or in respect thereof, and not otherwise; and that from and after my decease she, the said Annette Budlong, her heirs, executors, administrators, or assigns, shall or lawfully may have, hold, and enjoy the same, and every part and parcel thereof, and convert the same to her or their own proper use and behoof, as she or they may think fit."

This bill of sale was admitted in evidence against the objection of defendants' counsel, and constitutes one of their assignments of error.

The circuit court found, as conclusion of law from the foregoing facts, that the plaintiffs were entitled to recover.

It is urged on the part of the plaintiffs that the deed from Budlong to his wife contains an absolute grant of the real estate therein described to Annette Budlong, and to her heirs and assigns, forever,—thus conveying to her the fee-simple absolute; and that the portion of the deed which restricts this absolute conveyance of the fee-simple, whether it be called a "condition," "reservation," or "exception," being repugnant to the granting part of the deed, is null and void. There are many authorities to be found in the reports of decided cases which support the proposition; but we apprehend that it can only be true in those cases where the repugnancy is such that the

intention of the parties cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect in accordance with established principles of law.

Every ·deed or contract in writing is supposed to express the intention of the parties executing it, and when the object or purpose of such deed or contract is called in question in a court of justice the first inquiry is, what is the intention of the parties, as expressed in the written instrument? It is very plain, upon the face of the instrument, that Mr. Budlong did not intend to convey to his wife the title to the premises in fee-simple absolute. She was precluded from conveying in any manner the premises described without his written assent, or joining in the conveyance; and, if she died before he did, she was to have no further interest in the land. If he died before she did, then the title in fee-simple absolute should pass and become vested. Such is the apparent intention of the parties, as expressed in the deed. It is the duty of the court to so construe the instrument as to carry out the intent of the parties making it, if no legal obstacle lies in the way.

In *Williams v. Bentley*, 27 Penn. St. 294, it was held that the strongest words of conveyance in the present tense will not pass an estate, if from other parts of the instrument the intention appears to be otherwise.

In *Ogden v. Brown*, 33 Id. 247, it was said.

"Whether an informal instrument transferring an interest in real estate shall be held a conveyance, or only an agreement for a conveyance, depends, not on any particular words or phrases found in it, but on the intention of the parties, as collected from the whole contract." *Jackson v. Myers*, 3 Johns. 388; *Neave v. Jenkins*, 2 Yeates, 107; *Sherman v. Dill*, 4 Id. 295; *Kenrick v. Smick*; 7 Watts & S. 41; *Stouffer v. Coleman*, 1 Yeates, 393; *Earle v. Dawes*, 3 Md. Ch. 230.

We do not think it is necessary to resort to the surrounding facts and circumstances in order to discover the intent of the parties. If, however, we look to the surrounding facts and circumstances, we find them all affording evidence of the intent expressed in the instrument. By the bill of sale, executed at the same time, he bargained and sold to his wife absolutely all of his personal property, consisting of farming utensils, horses, cattle, household goods, etc., but reserved therein the use and enjoyment of all and singular such goods and chattels during his natural life, without paying anything for such use and enjoyment. When it is considered that he was a farmer and a householder, and continued his residence upon the premises until his death, and retained the use and enjoyment of his personal property, it is evident that, by executing the deed to his wife, he did not intend to part with the title to his real estate unless the contingency should occur of his dying before his wife died. That event did not occur, and the estate never vested in his wife. The condition in the deed that his wife should not convey or mortgage the land without his written assent, or joining in the deed, is a clear indication that the title should not pass, because if it was the intention that it should pass, and the estate vest in his wife, the condition would be nugatory; and no force or effect be given to this part of the instrument. To hold that the title did pass by the absolute words of the granting clause would violate that rule of construction which requires that every portion of the instrument should be given effect according to the intention of the parties. When we consider the intimate relation of the parties to the instrument,—that of husband and wife,—the effect of the arrangement entered into was that the title of the real estate should, in the event of the death of either, go to the survivor. Doubtless a simpler way to accom-

plish the object would have been for them to have united in a deed to a third party, and for him to have conveyed to them jointly, and then, under the statute, the survivor would have succeeded to the whole title and estate. How. Stat. §§ 5560, 5561; *Fisher v. Provin*, 25 Mich. 347; *Ætna Ins. Co. v. Resh*, 40 Id. 241; *Allen v. Allen*, 47 Id. 74 (10 N. W. Rep. 113).

It follows, from the construction we have given to the deed under which the plaintiffs claim, that the judgment should be reversed, and a new trial ordered.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred.