PATRICK BEVINS v. WILLIAM O. PHILLIPS AND
FRANCIS PHILLIPS.

No. 269.

WRITTEN INSTRUMENT—*held to be a deed and not a will.* An in-
strument, in every respect a warranty deed in the usual form
except that it contains these words, "Conditions of this deed is
such as said party of the second part that this land shall not be
incumbered in any way, or this deed shall be void. The party of
the first part is to hold said property his lifetime," is a deed and
not a will, and is not testamentary in its character.

Error from Cloud District Court. Hon. F. W.
Sturges, Judge. Opinion filed November 15, 1897.
*Affirmed.*

*Caldwell & Ellis*, for plaintiff in error.

*Pulsifer & Alexander*, for defendants in error.

WELLS, J. The only question in this case is, Does
an instrument, in form a warranty deed, and executed,
acknowledged, delivered and recorded as such, become
a will, or testamentary in its character, by reason of
the insertion therein of these words : " Conditions of
this deed is such as said party of the second part that
this land shall not be incumbered in any way, or this
deed shall be void. The party of the first part is to
hold said property his lifetime."

It seems plain to us that, taking the instrument as
a whole, it was intended to be a deed, and to convey
to the grantee named therein the title to the land de-
scribed in fee simple, subject to a restriction, whether
valid or not is immaterial, "that this land shall not
be incumbered in any way," and reserving to the
grantor the use of the property during his lifetime.
If this construction of the instrument is correct, then
it comes clearly within the authority of *Reed, Ex'r, v.*

*Hazelton* (37 Kan. 321), the second section of the syllabus of which reads :

"If an instrument in writing concerning real estate passes a present interest therein, although the right to its possession and enjoyment may not accrue until some future time, it is a contract; but if the instrument passes an interest or right only upon the death of the maker, it is testamentary in its nature."

The judgment of the court below will be affirmed.