## WILSON v. TERRY.

1. DEEDS—LIFE ESTATE—MORTGAGE.
   A deed conveying to the grantee, her heirs and assigns, certain real estate, to have and to hold such premises to the grantee during her natural life only, with remainder in fee simple to the heirs of her body, conveys a life estate only to the grantee, and a mortgage given by her cannot be foreclosed against her heirs.

2. SAME—HABENDUM—REPUGNANCY—INTENTION.
   Where there is a repugnancy between the granting clause and the *habendum*, the latter will control, if it is clear from the whole instrument, and the attendant circumstances, that such was the intention of the grantor.

3. SHELLEY'S CASE—ABROGATION OF RULE.
   The rule in *Shelley's Case* is abolished by statute. 3 Comp. Laws, § 8810.

Appeal from Mason; McAlvay, J. Submitted February 19, 1902. (Docket No. 99.) Decided March 18, 1902.

Bill by David Wilson against Alice Terry and others, heirs at law of Ada O. Terry, deceased, and George Blass, to foreclose a mortgage. Defendant Blass filed an answer in the nature of a cross-bill, asking the foreclosure of a prior mortgage. From a decree for complainant and defendant Blass, the other defendants appeal. Reversed.

*Henry C. Hutton*, for complainant.

*Loud & Stewart*, for defendant Blass.

*Fitch & Reek*, for appellants.

MOORE, J. The bill of complaint in this case was filed to foreclose a certain mortgage made and executed by one Ada O. Terry, deceased, to complainant. The defendants Alice Terry, Blanche Sullivan, and Stewart Terry are the minor heirs at law and next of kin of the said Ada O.

Terry.    The defendant George Blass is a prior mortgagee.
The principal question involved in the case is the construc-
tion to be placed upon the deed through which Ada O.
Terry derived title.   This deed was given to Ada O. Terry
on March 21, 1887, by the heirs at law of one James Chin-
nery, deceased, who—

"For and in consideration of the sum of two thousand
four hundred (2,400) dollars, to them in hand paid by the
said party of the second part, the receipt whereof is here-
by confessed and acknowledged, do by these presents
grant, sell, remise, release, alien, and confirm unto the
said party of the second part, and her heirs and assigns,
all those certain pieces or parcels of land,    *    *    *    to-
gether with, all and singular, the hereditaments and appur-
tenances thereunto belonging or in any wise appertaining:
To have and to hold the above-described real estate and
appurtenances unto the said party of the second part for
and during the natural life, only, of her, the said Ada O.
Terry, with remainder in fee simple to the heirs of the
body of the said Ada O. Terry her surviving, and, in de-
fault of such heirs, then remainder in fee simple to all other
heirs of her, the said Ada O. Terry."

The mortgage to complainant sought to be foreclosed
was given March 10, 1896, by Ada O. Terry, and the mort-
gage to George Blass was given by her February 27, 1896.
The defendant George Blass answers in the nature of a
cross-bill, asking to have his mortgage foreclosed, and
that his lien be declared a first lien on said premises, and
a prior lien to that of the complainant under his mortgage.

There is another deed in evidence, given by Sarah J.
Corwin, guardian, to said Ada O. Terry, of an undivided
one-ninth interest in the same lands, reciting that the
same is given for the purpose of correcting a supposed
error in a former deed; but it does not appear what the
former deed was, nor the supposed error contained in it.
This deed conveys a one-ninth interest in the land to Ada
O. Terry.   The record does not show the date of this
deed.

The question to be determined is whether the *habendum*
clause of the deed, which upon its face would indicate that

a life interest, only, was to be enjoyed in the estate of Ada O. Terry, is repugnant to the "premises" of said deed. The circuit judge held that the limitation in the *habendum* clause of the deed is repugnant to the premises, and the recital in the premises of the deed must control.   He found, as a matter of law, that the deed in question conveyed to Ada O. Terry the title in fee simple to said premises, and that the mortgages of the complainant and the defendant George Blass are subsisting liens upon said premises.   The minor heirs have brought the case here by appeal.

Was the circuit judge right in this construction?   The rule in *Shelley's Case* is abolished in this State by statute. 3 Comp. Laws, § 8810; *Bailey* v. *Bailey*, 25 Mich. 188. In *Smith* v. *Smith*, 71 Mich. 633 (40 N. W. 21), it is said:

"It is well settled by numerous cases that, when the *habendum* is repugnant and contrary to the granting clause, it is void.   It can only affect the grant when it can be construed as consistent with the premises.   It cannot devest the grantee of the legal estate already granted him in the premises, nor can the *habendum* frustrate a grant complete before, or abridge or lessen the estate granted. *Nightingale* v. *Hidden*, 7 R. I. 118; *Pynchon* v. *Stearns*, 11 Metc. (Mass.) 316 (45 Am. Dec. 210); 4 Kent, Comm. 468; 2 Bl. Comm. 298; *Green Bay, etc., Canal Co.* v. *Hewett*, 55 Wis. 105 (12 N. W. 382, 42 Am. Rep. 701); *Huntington* v. *Lyman*, 138 Mass. 205; *Hafner* v. *Irwin*, 34 Am. Dec. 390 (20 N. C. 433); *Warn* v. *Brown*, 102 Pa. St. 352; *Flagg* v. *Eames*, 40 Vt. 23 (94 Am. Dec. 363).   It must be conceded that the *habendum* cannot perform the office of devesting the estate already vested by the granting clause, and it is void if repugnant to the estate granted."

In the same case it is also said:

"The object to be arrived at by courts in construing deeds or other contracts is to ascertain clearly the intention of the parties.   It is said by the court in *French* v. *Carhart*, 1 N. Y. 102:

"'It is a cardinal rule in the construction of contracts that the intention of the parties is to be inquired into, and, if not forbidden by law, is to be effectuated.   Too much regard is not to be had to the proper and exact signification of words and sentences, so as to prevent the simple intention of the parties from taking effect.   And

whenever the language used is susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties, and of the subject-matter of the instrument.'

"It was said by Mr. Justice COOLEY in *McConnell* v. *Rathbun*, 46 Mich. 305 (9 N. W. 426):

" 'All grants must be construed reasonably, and in the light of the surrounding circumstances.'

"And in that case the circumstances proved by parol testimony controlled the construction of the deed.

" In ascertaining the true meaning of the parties, the entire instrument is to be examined, and provisions apparently inconsistent with each other are to be reconciled, if possible.

" In *Smith* v. *Packhurst*, 3 Atk. 136, Lord Chief Justice Willes laid down the rule:

" 'Such a construction should be made of the words in the deed as is most agreeable to the intention of the grantor. * * * We have no power, indeed, to alter the words, or to insert words which are not in the deed; but we may and ought to construe the words in a manner the most agreeable to the meaning of the grantor, and may reject any words that are merely insensible.' "

In *Powers* v. *Hibbard*, 114 Mich. 533 (72 N. W. 339), it is said:

"It is undoubtedly the rule that where an estate is expressly granted, and there follows a reservation, exception, or condition which destroys the grant, it is void, being repugnant to the thing first granted; and the rule is stated by Kent (4 Kent, Comm. 468) that when an estate is expressly granted or demised in the premises of a deed, and the *habendum* is repugnant to the estate granted or demised, the *habendum* is void; as, if a grant be to A. and his heirs, *habendum* to him for life, the *habendum* would be utterly void. In *Smith* v. *Smith*, 71 Mich. 633 (40 N. W. 21), this same rule was stated. This is the extent to which the cases cited by counsel for defendants go. But these rules must be understood and taken in connection with other rules of construction; as, where the grant is uncertain or indefinite concerning the estate intended to be vested in the grantee, the *habendum* performs the office of defining, qualifying, or controlling. *Sumner* v. *Williams*, 8 Mass. 162 (5 Am. Dec. 83). Again, where it is

impossible to determine from the deed and the surrounding circumstances that the grantor intended the *habendum* to control, the granting words will govern; but, if it clearly appears that it was the intention of the grantor to enlarge or restrict the granting clause by the *habendum*, the latter must control.

"In *Bassett* v. *Budlong*, 77 Mich. 338 (43 N. W. 984, 18 Am. St. Rep. 404), a quitclaim deed from a husband, purporting to convey to his wife, and to her heirs and assigns forever, the farm on which they resided, but which was declared to be upon certain express conditions and reservations following the *habendum* clause, viz.: (*a*) That the grantee should not convey or mortgage the land during the lifetime of the grantor without his written assent, or his joining in the conveyance; (*b*) that, in case of the death of the grantee prior to the grantor's decease, the land should revert to him and his assigns,—was held not to convey the land to the grantee in fee simple absolute, but that the effect of the arrangement entered into was that the title should, in the event of the death of either of the parties, pass to the survivor. Certain rules of construction of deeds of conveyance were laid down in that case by Mr. Justice CHAMPLIN, as follows:

"1. The proposition that a condition, reservation, or exception which restricts a grant of a fee simple absolute title to land, being repugnant to the granting part of the deed, is void, can only be true in those cases where the repugnancy is such that the intention of the parties cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect in accordance with established principles of law.

"2. Every deed or contract is supposed to express the intention of the parties executing it, and, when the object or purpose of such instrument is called into question in a court of justice, the first inquiry is, What is the intention of the parties, as expressed therein? and it is the duty of the court to so construe said instrument as to carry out such intent, if no legal obstacle lies in the way.

"In *Bodine's Adm'rs* v. *Arthur*, 91 Ky. 53 (14 S. W. 904, 34 Am. St. Rep. 162), it was held that where there is a repugnancy between the granting clause and the *habendum* of a deed, and it cannot be determined from the whole instrument and the attendant circumstances that the grantor intended that the *habendum* should control, the granting clause must control; but where it appears from the whole conveyance and the attendant cir-

cumstances that the grantor intended the *habendum* to enlarge, restrict, or repugn the granting clause, the *habendum* must control, for the reason that it is the last expression of the grantor's wish as to the conveyance. In a note to that case, as reported in 34 Am. St. Rep. 162, the rule is stated that the *habendum*, though repugnant to the estate previously granted, controls, if it is in accord with the intention of the grantor,—and citing, in support of the proposition, *Fogarty* v. *Stack*, 86 Tenn. 610 (8 S. W..846); notes to *Berridge* v. *Glassey*, 56 Am. Rep. 324 (112 Pa. St. 442, 3 Atl. 583), and *Bassett* v. *Budlong*, 18 Am. St. Rep. 409 (77 Mich. 338, 43 N. W. 984). See, also, *McCurdy* v. *Mining Co.*, 3 Nev. 27; *Downing* v. *Birney*, 112 Mich. 474 (70 N. W. 1006).

"Who can doubt, upon a reading of the whole instrument under consideration here, what the intention of the parties was as to the estate to be granted, when we take into consideration the attendant circumstances and surroundings of the premises?"

See *Karchner* v. *Hoy*, 151 Pa. St. 383 (25 Atl. 20).

If we read the whole of the deed, and seek to find from it the intention of the parties thereto, is it not clear what the intention was? Is it not clear that it was intended not to convey the title in fee to Mrs. Terry, but to grant to her the right "to have and to hold the above-described real estate and appurtenances unto the said party of the second part for and during the natural life, only, of her, the said Ada O. Terry, with remainder in fee simple to the heirs of the body of the said Ada O. Terry her surviving, and, in default of such heirs, then remainder in fee simple to all other heirs of her, the said Ada O. Terry?" We think both of these questions must be answered in the affirmative. There is nothing in the *habendum* repugnant to the granting clause, but when the two are read together the intention of the parties is clear, and should be respected.

The decree of the court below is reversed, and one will be entered here in accord with this opinion. Appellants will recover costs of this court.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.