## No. 8870.

### TRAUTMAN v. KRANZ ET AL.

1. CONVEYANCE—*Construction.* A conveyance of lands is to be construed upon consideration of the whole of its provisions.

2. *Construed.* A conveyance granted a life estate, "reserving the remainder" to the grantor, in case he should survive the grantee—otherwise "said remainder to belong absolutely" to the grantee. The grantee surviving the grantor, *held* that she took a fee simple absolute.

The provision as to what should ensue upon the death of the grantor, the grantee surviving, was held not of testamentary character.

*Error to El Paso District Court, Hon. J. W. Sheafor, Judge.*

Mr. P. M. KISTLER, for plaintiff in error.

Messrs. HARRIS & PRICE, for defendants in error.

Mr. Justice Hill delivered the opinion of the court:

THIS action involves the meaning to be given a deed. The surrounding circumstances proper to consider disclose

that in February, 1887, Elizabeth Trautman purchased the lot in controversy; that shortly thereafter she constructed a house thereon, where she lived until her death; that, in January, 1895, she conveyed the property to her son, Frederick C. Trautman, who was then unmarried; that immediately after the execution of this deed, the mother (who was quite old) went away on a trip; that some time after her return, and on November 1st, 1897, the son, Frederick C. Trautman, executed the deed, the meaning of which is in dispute, to his mother; that on November 3rd, 1897, he married; that the plaintiff in error is the daughter of Frederick C. Trautman, and was born February 10th, 1899; that her father died January 20th, 1905; that on December 5th, 1911, his mother, Elizabeth Trautman, conveyed this property by warranty deed to the defendant in error, her daughter Annie Kranz; that the mother died December the 2nd, 1914. Both daughter and granddaughter claim the property. The daughter has had possession since the execution of her deed, and has mortgaged the property to the other defendants. This suit was brought by the granddaughter for possession. Judgment was for the defendants.

The deed is in the usual form containing the usual words of conveyance and *habendum.* That portion necessary to consider reads:

" * * * between Frederick C. Trautman, party of the first part and Elizabeth Trautman, his mother, party of the second part.

* * * in consideration of love and affection and of the sum of one dollar, to him in hand paid by the said party of the second part; * * * party of the first part, has granted, bargained and sold, and by these presents does grant, bargain, sell and convey unto the said party of the second part, her heirs and assigns, the following described lands and premises in the City of Colorado Springs. * * * viz.: A life estate for and during the natural life of said Elizabeth Trautman in and to Lot twenty (20) * * * saving and reserving the remainder of the estate in said described premises to said Frederick C. Trautman in case he shall survive his said mother, but in case she shall sur-

vive him said remainder shall belong absolutely to said Elizabeth Trautman, her heirs and assigns."

The grantor having died before the grantee, the question to determine is, what estate passed by the deed. The plaintiff in error contends that the instrument is testamentary in character other than the life estate; that the estate, other than this, never having passed from Frederick C. Traut-Trautman, the deed being ineffective as a will, the property descended to his heir at the termination of the life estate. The defendants in error contend that it conveys to Elizabeth Trautman a life estate, with a contingent remainder to become operative and vested in such grantee upon the death of Frederick C. Trautman, grantor, provided the grantee mother survived him.

Numerous rules of construction have been referred to as sustaining the position of both sides. We think it unnecessary to go into them in detail, but are of opinion, as was the trial court, that the intention of the parties is clearly disclosed by the instrument itself. In arriving at this intention, it is elementary that the language of the entire deed should be construed together. By the adoption of this rule, we find and the language reads, that the grantor sells and conveys to the grantee the land designated, to have and to hold the same, etc., and all the estate, right, title and interest of the said party of the first part, either in law or equity to the only proper use and benefit of the said party of the second part, her heirs and assigns, etc. 'Tis true, in the body of the deed are to be found two exceptions to the language last quoted: First, that the interest conveyed is limited to a life estate, and the grantor reserves to himself the remainder in case he shall survive her; but it is further provided that in case she shall survive him, said remainder shall belong absolutely to her, her heirs and assigns. This language must be considered together, and must likewise be considered in connection with the language used in the remainder of the deed. When thus considered, it leads to the irresistible conclusion that an interest in the estate passed at the date of the transaction, to-wit, a life interest, with a further proviso that the remainder should

pass to the mother upon the happening of the contingency, to-wit, the death of the grantor prior to that of the grantee. It follows that in giving effect to the words "a life interest," it must be construed in connection with the other language used in the deed, which is to the effect that in case he dies before she does, it then becomes operative as a grant in fee.

When the deed is considered as a whole, we cannot agree with the plaintiff in error that the attempted disposition of other than a life interest was testamentary in character, and for that reason ineffective. In Vol. 2, Devlin on Real Estate (3rd ed.), at page 1581, it is said:

"But the deed may pass a present interest in the land to the grantee for life, and may also contain provisions to take effect by way of contingent remainder, upon the grantor's death, during the life of the grantee. In such a case the question would arise whether the instrument is to be considered as a conveyance, or is to be deemed of a testimentary character only.

The rule is, that where the deed passes a present interest, such contingent provisions do not convert it into a will. The grantor cannot revoke such limitations, nor do they become void by his subsequent marriage."

The following cases, in principle, sustain the construction that we are giving to this deed: *Mattocks v. Brown,* 103 Pa. 18; *Jones v. Caird,* 153 Wis. 384, 141 N. W. 228, Ann. Cas. 1914A, 88; *Wall v. Wall,* 30 Miss. 91, 64 Am. Dec. 147; *Craven v. Winter,* 38 Iowa, 471; *Bassett v. Budlong,* 77 Mich. 338, 43 N. W. 984, 18 Am. St. Rep. 404; *Wilson v. Carrico,* 140 Ind. 533, 40 N. E. 50, 49 Am. St. Rep. 213; *Cates v. Cates,* 135 Ind. 272, 34 N. E. 957; *Hunt v. Hunt,* 119 Ky. 39, 82 S. W. 998, 68 L. R. A. 180, 7 Ann. Cas. 788; *Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Abbott v. Holway,* 72 Me. 298; *Dismukes v. Parrott,* 56 Ga. 513; *Bevins v. Phillips,* 6 Kan. App. 324, 51 Pac. 59; *Wynn v. Wynn,* 112 Ga. 214, 37 S. E. 378; *Owen v. Williams,* 114 Ind. 179, 15 N. E. 678; *White v. Hopkins,* 80 Ga. 154, 4 S. E. 863.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*