## Berridge and Wife *versus* Glassey.

1. A. and B. made and executed the following agreement: "A. doth lease unto B., her heirs and assigns (here follows the description of the land), for the term of five years from the first day of December next for the yearly rent of three dollars, which yearly rent the said B. doth for herself, her heirs and assigns, covenant and agree to pay to the said A., his heirs and assigns the said rent."  *Held* (*a*) that the agreement is not ambiguous, nor its meaning doubtful.  (*b*) That the grant being to B. and her heirs for a term of years, reserving rent, it is a lease for the term.

2. Where an instrument in writing is ambiguous, the intention of the parties to it, is to be ascertained from the entire instrument, not from particular words or phrases without reference to the context.  The in-

strument must operate according to the intention of the parties unless it be contrary to law.

3. Where the meaning is doubtful, the circumstances at the making of the instrument, and the subsequent acts of the parties are to be considered in determining the sense of the words.

March 25th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of July Term, 1885, No. 162.

Ejectment by Leeds K. Berridge and wife, in right of wife, against Jane Glassey, to recover possession of premises on Haverford street in West Philadelphia, containing in front sixteen inches, and in depth one hundred and fifty-three feet three inches, to Rockland street, on which it contains fifteen inches. The plea was, not guilty.

At the trial defendant disclaimed title to all but the Haverford street and Rockland street fronts, as to which trial was had.

The following are the facts as they appeared on the trial before ARNOLD, J.:

Leonard Frailey and Robert Glassey were the owners of adjoining lots of ground. Mr. Glassey built two houses, one fronting on Haverford street and the other on Rockland street. For some cause he built partly on Mr. Frailey's ground. Mr. Glassey having died, leaving his property to his wife, the defendant herein, she, with Mr. Frailey, had a survey made, when the amount of the encroachment was accurately known. Mrs. Glassey not wishing to tear the buildings down, and Mr. Frailey not wishing to jeopardize his ownership by allowing her to retain possession, or to allow the use thereof without rent, they entered into the following agreement:

" Agreed the first day of December, of our Lord one thousand eight hundred and fifty-nine, between Leonard Frailey, of West Philadelphia, and State of Pennsylvania, of the one part, and Jane Glassey, the widow of the late Robert Glassey, who holds the estate of the said Robert Glassey, by will, of Philadelphia, and said State, of the other part, as follows: The said Leonard Frailey doth lease unto the said Jane Glassey, her heirs and assigns, a strip of ground whereon is erected a brick dwelling house, shed and privy, which the said Robert Glassey Did build over on the property or line of the said Leonard Frailey, fifteen and a half inches on the front of Havourford street, thence running forty-nine feet,

more or less south, to the south side of the above said privy; Also an other strip of·ground at the south end of said lot, which said Robert Glassey erected a frame house, over the line also of the said Leonard Frailey, of ten and a half inches, to the front of garden street, running twenty-seven feet more or less north.    The above property situated in Mantua, West Philadelphia, Havourford and Thirty-fifth streets, and now occupied by Chas H. Rainier and others, for the term of Five years, from the first day of December next, for the yearly rent of Three Dollars, which said yearly rent the said Jane Glassey, doth, for herself, her heirs and assigns, covenant and agree to pay to the said Leonard Frailey, his heirs and assigns, the said Rent.

"In witness whereof, we have here unto set our hands and seals, the day and year above written Three Dollars, mentiond above, to be redused to two Dollars, before signd it was don.

her<br>
JANE X GLASSEY.        [Seal.]<br>
mark<br>
LEONARD FRAILEY.       [Seal.]

"Witnesses preasent:
  CHR. BICHLER,
  A. M. BICHLER."

This agreement, which is in the handwriting of Mr. Frailey, was neither acknowledged nor recorded, but was, like an ordinary lease, kept by him.

Rent was paid from time to time and indorsed on the agreement. It was sometimes called simply "rent," sometimes "two dollars on this lease," sometimes "rent of ground," sometimes "ground rent," sometimes "rent for ground built on my ground," and sometimes "rent on the within lease."

Mr. Frailey died, leaving the property to his daughter, Mrs. Berridge, plaintiff herein, who, not wishing to be bothered with so small an amount of annual rent, offered to sell to the defendant, but as they could not agree upon terms, notice to vacate was given more than three months before the expiration of a year, and on failure so to do this ejectment was commenced.

The court instructed the jury as follows: Gentlemen of the jury, I direct you to render a verdict for the defendant.

Verdict for the defendant.

A new trial was refused, ARNOLD, J., filing the following opinion:

The paper under which both parties claim, although inartificially drawn, is nevertheless an executed deed of convey-

ance, and not an executory agreement to convey, as the plaintiff contends. In species it is a perpetual lease. It contains all the essential parts of a deed, to wit, premises, *habendum*, *reddendum* and attestation. While the apt word to convey a fee is the word "give," yet other words will suffice where the intention of the parties is clear. The word "let" has been held sufficient: Krider *v.* Laferty, 1 Wharton, 303; and the words "limit and appoint": Shove *v.* Pincke, 5 Term R., 124; and "demise and grant," "remise, release and quit claim," "make over and grant," "convey," and "quit"; the rule of construction being that all deeds shall be construed to operate according to the intention of the parties, if by law they may; and if they cannot operate in one form, they shall in another, which, by law, will effect the intention: Greenleaf's Cruise on Real Property, tit. 32, ch. 20, § 33; Clanrichard *v.* Sidney, Hobart's Rep., 277; Goodtitle *ex dem.*, Edwards *v.* Bailey, Cowper, 597; Troup *v.* Blodgett, 16 Johns., 172; McWilliams *v.* Martin, 12 S. & R., 269; and cases collected in Mr. Rawle's note to Williams on Real Property, *179.

By the first clause or premises of the deed now under consideration, an estate in fee simple is conveyed. There is certainty in the names of the parties, the quantity of estate, and the thing granted. These elements constitute and complete the premises in every deed: 2 Blacks. Com., *298. Nothing more is wanted in the premises of this deed to express the quantity of estate granted, which is an estate to the defendant, her heirs and assigns, that is, an estate in fee simple.

Then follows the clause: " The above property situated in Mantua, West Philadelphia, Havourford and thirty-fifth streets, and now occupied by Chs H Rainier and others, for the term of Five years from the first day of December next," &c. The only place and designation which the latter part of this clause can occupy is that of the *habendum*. If we regard the whole clause as recital, as its language imports, then we are confronted with the rule that a recital cannot control the plain words in the granting part of a deed: Huntington *v.* Havens, 5 Johns. Ch. R., 23; Chaplin *v.* Srodes, 7 Watts, 410; Marquis of Cholmondeley *v.* Lord Clinton, 2 Barn. & Ald., 625; Walsh *v.* Trevanion, 15 Ad. & Ellis, 734; Bailey *v.* Lloyd, 5 Russell, 330; Moore *v.* Griffin, 9 Shepley, 350. It cannot be regarded as a part of the premises, because the premises were completed before this clause was commenced. It is a different and distinct part of the deed, and must be regarded as in part recital, and for the rest as the *habendum*. That part of the clause which is properly the recital ends where

the words "for the term of five years from the first day of December next" begin, and these must be regarded as the *habendum*. The *habendum* usually begins with the words "To have and to hold," &c., but the omission of those words will not deprive it of its name, place and use. In Watters *v.* Bredin, 70 P. S. R., 235, a clause in an inartificial deed beginning "Now the condition of this assignment is such," &c., was regarded as a portion of the *habendum*, and was allowed to have the effect of an exception, which may pare away a part of the grant: Stokely's Estate, 19 P. S. R., 476; but not the whole it: Shoenberger *v.* Lyon, 7 W. & S., 184. "The office of the *habendum* is properly to determine what estate or interest is granted by the deed; though this may be performed, and sometimes is performed, in the premises. In which case the *habendum* may lessen, enlarge, explain or qualify, but not totally contradict or be repugnant to the premises": 2 Bl. Com., *298. How it may lessen and qualify the estate, is shown by the instance of a deed to a man and his heirs, *habendum* to him and the heirs of his body, or *vice versa*, which in either case carries the fee; but while in the premises the estate conveyed is a fee simple, yet by the *habendum* it is qualified and lessened to an estate tail, with a fee simple expectant thereon: Id.; Co. Litt., 21 a; but if no estate is limited in the premises, and an express estate for years is limited in the *habendum*, this will qualify and abridge the general intendment of the premises, by which an estate for life would otherwise have passed: Co. Litt., 183 a; Cruise, tit. 32, ch. 21, § 80; Washburn on Real Property, 642. How it may enlarge the estate is shown by the case where an estate is given in the premises to the grantee for life, *habendum* to him and his heirs, in which case the grantee will take an estate in fee: Co. Litt., 299 a; but the *habendum* cannot increase or add to the thing granted: Cruise, tit. 32, ch. 21, § 73; Manning *v.* Smith, 6 Conn., 289. How it may explain the premises is shown in the case where the premises make the grantees joint tenants, while the *habendum* makes them tenants in common: Fisher *v.* Wigg, 1 P. Wms., 14; Bambaugh *v.* Bambaugh, 11 S. & R., 191; although the converse does not follow; for if the premises makes them tenants in common and the *habendum* makes them joint tenants, they still take as tenants in common: Galbraith *v.* Galbraith, 3 S. & R., 392; the reason being that joint tenancy is, at this day, so far from being favored that the courts think themselves justified in exercising their ingenuity against it; and because, in most instances, it operates contrary to the intent of the parties.

Where the *habendum* is repugnant and contrary to the prem-

ises, it is void, and the grantee will take the estate given in the premises: Cruise, tit. 32, ch. 21, § 75; 2 Bl. Com., *298. When an estate to A. and his heirs is given by the premises of a deed, but the word heirs is omitted from the *habendum*, the latter may be disregarded and A. will take an estate in fee: Breitenbach *v.* Dungan, 5 Clark's P. L. J. Rep., 236; and a conveyance to a trustee in fee in trust for a married woman gives her the fee, although there are no words of inheritance in the limitation to her: Freyvogle *v.* Hughes, 56 P. S. R., 228. "If the *habendum* be absolutely repugnant to the premises, if it cannot be reconciled with them, so that full effect can be given to both, it must give way and the premises must stand. Thus, if there be a grant to one and his heirs, *habendum* to him for life, there is an irreconcilable contradiction, for it cannot be an estate for life and, at the same time, an estate in fee; either the word heirs in the premises must be stricken out, or effect must be denied to the *habendum*. In a deed the premises will prevail:" Tyler *v.* Moore, 42 P. S. R., 374. "In a will the legal effect of the word heirs may be controlled by the context evincing such a demonstrative intention to misapply it as cannot be mistaken; in an executed conveyance, never:" Hileman *v.* Bouslaugh, 13 P. S. R., 353, per GIBSON, C. J.

Baldwin's Case, 2 Coke, 23, arose upon a demise to Ann Baldwin and Anthony her son, and to the heirs of the said Anthony; *habendum* to them until the end of ninety-nine years, and so from ninety-nine years to ninety-nine years, until 300 years be expired; and the lessor covenanted that he, his heirs and assigns, at the end of the said term of 300 years would make unto the heirs and assigns of the said Anthony, such lease for other 300 years, &c.; and the jury having found that no livery of seisin was made according to the indenture, it was resolved that till livery be made, nothing shall pass but an estate at will by the premises. The case was decided upon the ground that an estate in fee or a freehold which lies in livery, could not be perfected without livery of seisin, and until that is made, the feoffee has but a mere estate at will; but as to those things which take their essence and effect by the delivery of the deed without other ceremony, and which lie in grant, there in such limitation as in the case at bar, the *habendum* is repugnant and void. As if a man grants rent or common out of his land by the premises of the deed, to one and his heirs, *habendum* to the grantee for years or for life, the *habendum* is repugnant, for a fee passeth by the premises by the delivery of the deed, and therefore, the *habendum* for years or life is void. In this state, the Act of May 28th, 1715, § 5, gives to deeds acknowledged and recorded, the force

and effect here, for giving possession and seisin, of deeds of feoffment with livery of seisin, in the kingdom of Great Britian.   Under this statute deeds have the same effect as bargains and sales, or leases and releases, or feoffments with livery, or deeds under the statute of uses, as will best effect the intention of the parties: Bennett *v.* Morris, 5 Rawle, 16; Murphy *v.* Hubert, 16 P. S. R., 59; Eckman *v.* Eckman, 68 Id., 460.   Livery of seisin is not required in this state, and a deed takes effect on delivery of the deed itself, without further ceremony, although not recorded: Williams on Real Property, *179, note 1, by Mr. Rawle.   In this case possession is notice to third parties, and notice is the great object to be accomplished by recording the deed: Rowe *v.* Ream, 105 P. S. R., 243.

. In Carter *v.* Madgwick, 3 Levinz, 339, on a grant, bargain and sale to one and his heirs in the premises, *habendum* after the death of the bargainor, to the bargainee and the heirs of his body, with remainders over, it was held that although the *habendum* of a future freehold be void, yet the grant in the premises being expressly to him and his heirs, the indenture shall enure upon the premises, and shall pass the estate to the vendee directly by the premises, notwithstanding the grantor continued in possession for his whole life; and perhaps thought and intended that nothing should pass till after his death; for his intent could not alter the law and make a future freehold good and a present freehold void.

If no estate is mentioned in the premises the grantor will take nothing under that part of the deed, except by implication of law; but if an *habendum* follow, the intention of the parties will be found in the *habendum*, and will take effect if not contrary to the rules of law.   On the other hand, if an estate and interest be mentioned in the premises, the intention of the parties is shown, and the deed may be effective without any *habendum;* and if an *habendum* follow which is repugnant to the premises or contrary to the rules of law, and incapable of a construction consistent with either, the *habendum* shall be rejected and the deed shall stand good upon the premises: Goodtitle *dem.* Dodwell *v.* Gibbs, 5 Barn. & Cr., 709.

In Goodtitle *dem.* Timmis *v.* Steele, 4 Ad. & Ellis, 663, the action was upon an indenture of lease, by which the lessor demised, to "Hannah Timmis, her heirs and assigns, for and during the natural life of George Timmis."   The *habendum* was "to Hannah Timmis and her assigns."   It is held that the words "for and during the natural life of George Timmis," being in the premises and a part thereof, must be allowed to limit the duration of the estate, and to explain and qualify the meaning of the word "heirs" in the premises.   But upon

the other words- in the *habendum*, namely, " to Hannah Tim-
mis and her assigns," that these words were manifestly con-
trary and repugnant to the words in the premises, and must
be disregarded.

It may therefore be said that where the premises of a deed
contain an express grant to a man and his heirs for a term of
years, there the limitation for a term will qualify and lessen
the grant in fee; but a limitation for years or for life in the
*habendum* will not affect a fee conveyed by the premises.   See
also Boddington *v.* Robinson, 10 L. R. Exch., 270; Cochin *v.*
Heathcote, Lofft's Rep., 190; Wager *v.* Wager, 1 S. & R.,
374; Moss *v.* Sheldon, 3 W. & S., 160; Lancaster Bank *v.*
Myley, 13 P. S. R., 544; Miner's Appeal, 61 Id., 283; Wat-
ters *v.* Bredin, 70 Id., 235; Winter *v.* Gorsuch, 51 Maryland,
180; Robinson *v.* Payne, 51 Miss., 690; Thompson *v.* Carl, 51
Vermont, 408; Doe on *dem.* Ward *v.* Ward, Martin's N. C.
Rep., 28; Hafner *v.* Irwin, 4 Dev. & Battle, 433.   Chancellor
KENT says, that the *habendum* has degenerated into a mere
useless form, and he disposes of it in eleven lines, of so little
importance does he consider it: 4 Kent's Com., *468.   Yet
it has a place and use, for it may be resorted to where the
meaning of the premises is not clear: Hagarty *v.* Nally, 13 Irish
C. L. Rep., 532; Blair *v.* Osborne, 84 N. C Rep., 417 ; Carson *v.*
McCaslin, 60 Ind., 334; and it will prevail over the *reddendum :*
Burchell *v.* Clark, 2 L. R. C. P. Div., 88; and the premises
and *habendum* together will prevail over the covenants of
warranty : Seymour's Case, 10 Coke, 95.

All deeds are to be construed favorably and as near the in-
tention of the parties as may be consistent with the rules of
law : Hollingsworth *v.* Fry, 4 Dallas, 345 ; Stoever *v.* Stoever,
9 S. & R., 450; Huss *v.* Stephens, 51 P. S. R., 282; Cumber-
land B. & L. Ass'n. *v.* The Aramingo M. E. Church, 13 Phila.,
171.   Among those rules are the following:   Where there
are two clauses in a deed, of which the latter is contradictory
to the former, then the former shall stand : Cruise, tit. 32, ch.
20, § 8; Cother *v.* Merrick, Hardes' Rep., 94.   The first grant
and the last will is of the greatest force: Co. Litt; 112 b.
The general rule is that when there is a repugnancy, the first
words in a deed and the last words in a will shall prevail:
Lewis' Estate, 3 Wharton, 162.   While in the interpretation
of deeds of gift, settlements and other voluntary conveyances,
as in wills and other testamentary papers, the intention of the
grantor is to be taken as the cardinal rule of construction:
Means *v.* The Presbyterian Church, 3 W. & S., 303 ; Huss *v.* Ste-
phens, *supra ;* Mergenthaler's Appeal, 15 Weekly Notes, 441;
Ringwalt *v.* Ringwalt, 42 Legal Intell., 80; Higgins *v.* Was-
gatt, 34 Maine, 305; deeds of bargain and sale, and lease and

release; and other deeds founded upon a valuable consideration, or reserving rent, are to be construed most strongly against the grantor and in favor of the grantee: Co. Litt., 183, *a*; Stokeley's Estate, 19 P. S. R., 483; Klaer *v.* Ridgway, 86 P. S. R. 529; Adams *v.* Frothingham, 3 Mass., 361. In the case of a patent ambiguity which appears on the face of the instrument, no averment is allowed to explain it. In such a case it is for the court to declare the proper construction of the deed as a matter of law: Cox *v.* Freedley, 33 P. S. R., 124; Harvey *v.* Vandegrift, 89 Id., 346: Smith *v.* Thompson, 8 M. G. & S., 44; but in the case of a latent ambiguity, an averment to explain it by parol evidence is admissible: Cruise, tit. 32, ch. 20, § 60; Greenleaf on Ev., §§ 297 to 300; as, for instance, to identify the property, or the person to whom it is granted. Thus, if a feoffment be made of the manor of S., and the feoffor has a manor called North S., and another manor called South S., parol evidence will be admitted to show which manor was meant: Harding *v.* Com. Suffolk, 1 Rep. in ch., 138; or if there are two persons bearing the name of the grantee, which of the two was the person intended: Meres *v.* Ansell, 3 Wilson, 275; Shelburne *v.* Inchiquin, 1 Brown's Ch. Rep., 338; Peisch *v.* Dickson, 1 Mason's Rep., 9; Brigham *v.* Rogers, 17 Mass., 571; Jackson *v.* Loomis, 18 Johns., 81; 19 Id., 449; but parol testimony will not be received to increase the rent or shorten or lengthen the term: Preston *v.* Merceau, 2 W. Blacks., 1249. Parol evidence of the declarations and intentions of the grantor is not admissible to aid in the construction of a deed: McWilliams *v.* Martin, 12 S. & R., 269; nor is the understanding of the person who drew it: Fox *v.* Foster, 4 P. S. R., 119; although, if the words are equivocal, or there is a doubt as to the intent, the acts and declarations of the parties under the agreement, at the time and subsequent to the transaction, commonly called the contemporaneous construction, and the surrounding circumstances, may be taken as a guide to their intention: Lehigh Coal & Nav. Co. *v.* Harlan, 27 P. S. R., 429; Miner's Appeal, 61 Id., 283.

To apply these principles to the present case, let us inquire what the facts are. Robert Glassey, in erecting buildings on his lot, built over on the ground of Leonard Frailey, fifteen and one half inches at one end of his lot and ten and one half inches at the other end. Glassey died, having devised his property to the defendant. Frailey might have treated her as a trespasser, but he did not. He accepted her as a tenant. He leased that part of his ground covered by the buildings to the defendant, her heirs and assigns, and reserved a yearly rent to himself, his heirs and assigns, taking her covenant bind-

ing herself, her heirs and assigns, to pay the rent. All this appears in the deed, which is in the handwriting of Frailey, and shows an intention to convey the fee. · The only part of the deed which conflicts with this intention are the words in a subsequent clause of the deed, "for the term of five years," and, as they are subsequent to the lease in fee, they cannot stand. Treating them as the *habendum*, they are repugnant to the premises, and therefore void, and must be rejected in construing the deed. Both cannot survive; the estate conveyed cannot be a fee and also a term for years. It would be contrary to all the rules of construction to permit the *habendum* for years to override the lease in fee conveyed by the premises. The subsequent acts of the parties show the construction which they put upon the deed—that a fee was intended to be conveyed and not a term for years. When Frailey received the annual rent he described it in the receipts he gave as ground rent, which is a term usually applied to perpetual rents in this city, although it is also applied to rents reserved on long leases: see Cadwalader *v.* App., 81 P. S. R., 194; but not to leases from year to year. Eleven years after the date of the deed, when the defendant would have been a tenant from year to year, if the plaintiff's contention is good, the defendant was called upon by Frailey to pay for surveying the lot. This is a charge usually paid by owners of the fee, and not by tenants from year to year. If we look at the circumstances surrounding the transaction, we find that the defendant, owning permanent buildings, which by mistake had been erected on the ground in dispute, required a perpetual lease of the ground, to give her continual peace; and not a lease for a short term, which would only postpone the evil day when she would be called upon to take down her buildings. Everything concurs to show that a perpetual lease reserving a perpetual rent was intended; the contemporaneous construction of the parties proves it, and the surrounding circumstances confirm it.

In construing this deed, we have treated the words "for the term of five years" as if they were words of limitation upon the duration of the estate conveyed to the defendant, and not as descriptive of the term of Charles H. Rainier and others, tenants of Frailey's ground, of which the property in dispute was a part. There is an ambiguity in this respect, which, if it should be resolved in favor of the defendant, would dispense with the further consideration of those words in construing the deed.

In every aspect of the case we are of opinion that the defendant is tenant in fee of the land, subject to a perpetual

ground rent, which is non-extinguishable except with the consent of the plaintiff.

Rule discharged.

Judgment was entered upon the verdict, whereupon the plaintiff took this writ, assigning for error the charge of the court.

*Alex. Simpson, Jr., (J. Alex. Simpson* with him), for plaintiff in error.—1. The presence of the word "heirs" does not of necessity carry a fee.

The single question in this case is, is the agreement between Leonard Frailey and the defendant a lease, or a conveyance in fee?

It is admitted that between individuals the word "heirs" is always necessary to pass a fee. But the error below was in holding the converse to be true, to wit: That the word "heirs" in an agreement always passes a fee. The point has been frequently ruled to the contrary by this court: Stouffer *v.* Coleman, 1 Y., 393; Stokely *v.* Trout, 3 Wr., 164; Kenrick *v.* Smick, 7 W. & S., 43; Williams *v.* Bentley, 3 Casey, 294; Dawson *v.* McGill, 4 Wheat., 230.

2. Whether a paper be a deed or lease depends on the intent of the parties at the time it is executed: Hollingsworth *v.* Fry, 4 Dall., 345; Wager *v.* Wager, 1 S. & R., 375; Kenrick *v.* Smick, *supra;* Stewart *v.* Lang, 1 Wr., 203; Stouffer *v.* Coleman, 1 Yeates, 393; Ogden *v.* Brown, 9 Casey, 247; Merganthaler's Appeal, 15 W. N. C., 441; Phillip's Appeal, 12 Nor., 45; Huss *v.* Stephens. 1 P. F. S., 282; Creswell *v.* Grumbling, Leg. Int. for 1885, 344.

3. If then the intent of the parties is to govern it seems plain that the judge below erred, and for the following reasons:

*First.* Because in the paper itself it is called a lease; "the said Leonard Frailey doth lease unto the said Jane Glassey."

*Second.* Because in the paper itself it is for a limited term, to wit: "for the term of five years from the first day of December next."

It is inconceivable that a fee should have been intended when there is a limitation of the term to five years: Watson *v.* O'Hern, 6 Watts, 362; Bussman *v.* Ganster, 22 P. F. S., 289; Moore *v.* Miller, 8 Barr, 272.

In Bouvier's Dictionary, title "Lease," it is said: "One of its essential properties is, that its duration must be for a shorter period than the duration of the interest of the lessor in the land; for if he disposes of his entire interest it becomes an assignment and not a lease." And it is so said in Blackstone, vol. 2, p. *317.

Here are *all* the requisites laid down in Bussman *v.* Ganster,

22 P. F. S., 289, to wit: "a term of years with a certain beginning and ending, granted by the lessor to the lessee," to wit, five years from December 1st, 1860, granted by Leonard Frailey to the defendant.

Furthermore, Mr. Blackstone says: "No estate of freehold can commence *in futuro*," vol. 2, *144. In this case the term is for five years from the 1st of December next, hence it could not create an estate of freehold.

*Third.* Because the description of the premises in the lease shows an intent to allow a user only.

*Fourth.* Because the amount of rent to be paid, and the change made in it, show that it was not intended to be perpetual.

*Fifth.* The fact that it was not acknowledged or recorded, and the receipts for rent indorsed on it, show that it was not intended as a conveyance.

In Stewart *v.* Lang, 1 Wr., 205, it is said: "It is also a slight circumstance that the agreement was not executed in the ordinary form of a deed. Its execution was not acknowledged, and it was attested only by a witness."

*Sixth.* That it was drawn up by the parties, and was kept by the lessor only, shows that it was understood as a lease.

*David Chambers*, for defendant in error.—We contend that the learned judge in the court below did not err in his answer to this question for the following reasons:

The grant in the premises of said deed is "to Jane Glassey, her heirs and assigns," without limitation, "of a strip of ground whereon is erected a brick dwelling-house," etc. In a subsequent part of the deed the words "for the term of five years" appear in what may be considered the *habendum*, which if even altogether free from doubt as to their relation, cannot diminish the estate granted in the premises:

I. Because of the intent of the grantor to convey in fee, the intent of a donor or settlor is to be taken as the cardinal rule of construction: Mergenthaler's Appeal, 15 W. N. C., 441.

But deeds founded upon a valuable consideration or reserving rent are to be construed most strongly against the grantor and in favor of the grantee: Stokely's Estate, 19 Pa. St. R., 483; Klaer *v.* Ridgway, 86 Id., 529.

And that intent may be deduced from conduct and circumstances, to which the court will look for evidence of intention: Cox *v.* Freedley, 9 Casey, 124; Miner's Appeal, 11 P. F. S., 289.

II. Because the nature of the estate conveyed is consistent

only with a like purpose and intent, to wit, a conveyance in fee: .

1. It being an estate in lands upon which permanent buildings have been erected, with the consent, or at least with the subsequent acquiescence, of the owner: See cases cited in Smith's Leading Cases, 2d vol., p. 888; Willis *v.* Swartz, 28 Pa. St. R., 413.

III. Because of the terms of the deed.

In case of repugnancy between the premises and *habendum*, as to the subject of the grant, the premises will prevail: Tylor *v.* Moore, 6 Wr., 387.

And if the *habendum* is irreconcilable with the premises, it is to be rejected. Id.

And if the limitation or prohibition in a deed is inconsistent with the otherwise expressed intent of the grantor, it will be rejected: Crisswell *v.* Grumbling, 42 Leg. Int., 344.

In executed trusts, whether by deed or will, the rule of law must prevail, and the apparent intention must give way to those fundamental rules, which for ages have served as landmarks in the disposition of property: See Spence's Eq., 131. And the rule is stronger in construing executed deeds, as they depend altogether upon the law for their construction.

The policy of the law of Pennsylvania is favorable to these ground rents; and the courts are at liberty to give such a construction to conveyances affecting them as will carry out the reasonable intent of the parties: See Ingersoll *v.* Sergeant, 1 Wh., 345.

IV. The action of ejectment cannot be maintained, because the claimant in this action must have a right to the possession, that is, he must have a right of entry upon the lands; and whatever takes away this right of entry or possession, and turns the same into a right of action, will also deprive the claimant of his remedy by ejectment, although the legal title still remains in him: Adams on Eject., 33.

Mr. Justice TRUNKEY delivered the opinion of the court, April 5th, 1886.

To adopt the premise of the learned judge of the Common Pleas, respecting the agreement between the parties, inevitably leads to his conclusion that it is a perpetual lease. If indeed the inartificial paper should be treated as containing the essential parts of a deed of conveyance of a freehold estate of inheritance, without words which necessarily qualify the grant in fee, the limit in the *habendum* to an estate for years is void. But the learned judge has well shown " that when the premises of a deed contain an express grant to a man and his heirs .

for a term of years, then the limitation for a term will qualify and lessen the grant in fee."

The verbose description of the land has precisely the effect as if the most succinct. Two strips of ground are described, concluding with a clause as follows: "The above property situated in Mantua, West Philadelphia, Havourford and Thirty-fifth streets And now occupied by Chs H Rainier and others." All that is descriptive of the subject.

Aside from the description of the parties and the land, the agreement is brief, and is as follows: "Leonard Frailey doth lease unto the said Jane Glassey, her heirs and assigns . . . . . for the term of five years from the first day of December next, for the yearly rent of three dollars, which yearly rent the said Jane Glassey doth for herself, her heirs and assigns, covenant and agree to pay to the said Leonard Frailey, his heirs and assigns, the said rent."

It is plain that the grant is for a term of years. That the thing granted is described between the word "assigns" and the phrase limiting the term of the grant, is immaterial; the sense is the same as if the limiting words immediately followed the word "assigns" and preceded the words descriptive of the thing granted. There is no distinct part in the deed defining the estate; this is done in the premises, and by the settled rule, already noted, a grant to a man and his heirs for a term of years, reserving rent, is a lease for the term.

The intention of the parties is to be ascertained from the entire instrument, not from particular words or phrases without reference to the context; and the instrument shall operate according to the intention, unless it be contrary to law. When the meaning is doubtful, the circumstances at the making of the instrument and the subsequent acts of the parties are to be considered in determining the sense of the words. An estate in fee simple cannot be vested in a man without the word "heirs," but that word is often used in mere executory contracts for the sale of land, and in leases for a definite period of time. It is of no consequence what word is used to pass the estate, as if it be "lease" the context will show whether it is used to vest an estate for years, or for life, or in fee simple.

In our view of this agreement there is no ambiguity. Nor is the meaning doubtful. The term was to begin on "the first day of December next," and it is not at all likely that it would have been so stipulated had it related to the occupancy of Rainier and others. In leases it is common to provide that the term shall begin at a future date. We see nothing in the circumstances or subsequent acts of the parties to show that they understood the agreement as anything more than a lease

[Lance's Appeal.]

for years. Certainly the receipts for rent written by unlettered persons are no more significant of the nature of the estate than the form and phrase of the agreement written by the same hand. The form of the deed and redundant words aid little in ascertaining the estate granted. .

Judgment reversed and a *venire facias de novo* awarded.