ADAMS *v.* FISHER.

1. DEEDS—CONSTRUCTION—STATUTORY FORM—LIMITATION.

  A proviso in a statutory form quitclaim deed, inserted after the description of the property granted, that after the death of the grantor and grantee the property shall be divided between the two sons of the parties, is not an habendum clause but a part of and limitation of the grant, hence the rule of construction of common law deeds, that an habendum repugnant or contrary to the granting clause is void, has no application.

2. SAME—ESTATE GRANTED.

  A statutory form quitclaim deed from husband to wife, providing that after the death of the grantor and grantee the property shall be divided equally between the two sons of the parties, conveys to the wife only a life estate.

3. SAME—CONSTRUCTION—STATUTORY DEEDS—RULES APPLICABLE.

  The rule of construction that an habendum repugnant to the grant is void does not apply to deeds of statutory form.

Appeal from Oakland; Smith J. Submitted January 12, 1906. (Docket No. 63.) Decided April 30, 1906.

Bill by Olive Adams against Ira Fisher and others for the construction of a quitclaim deed. From a decree for complainant, defendant Fisher appeals. Affirmed.

*Davis & Bromley*, for complainant.

*Perry & Stockwell* (*E. H. Sellers*, of counsel), for appellant.

BLAIR, J. This appeal involves the construction of the following statutory form deed:

" This indenture witnesseth, that William Fisher, of the township of Avon, in the county of Oakland and State of Michigan, for the sum of $1 (one dollar), quitclaims to Laura C. Fisher, his wife, of the township of Avon, in the county of Oakland and State of Michigan, the following described real estate, to wit: All his right, title, and in-

terest of, to, and in the northwest quarter of section 23, town 3 north, range 11 east, township° of Avon, county of Oakland, State of Michigan, containing about 141 acres of land, be the same more or less.

"*Provided, however*, that after the death of the grantor and grantee, the said premises are to be divided between Edward Fisher and Ira Fisher, sons of the parties to this deed in equal shares, as to the value thereof.

"Dated this 13th day of May in the year one thousand eight hundred and eighty-nine.

"WILLIAM FISHER. [L. S.]"

The appellant contends that this deed conveyed to Laura Fisher the fee simple absolute. The complainant argues that the deed conveys to Laura Fisher a life estate, with remainder in fee to Ira and Edward Fisher. A person unskilled in the law would probably have no difficulty in determining that the deed actually means what complainant alleges to be its legal meaning and effect. But the appellant urges that by reason of a technical rule established to aid courts in determining the intention of the grantor, the legal meaning of the deed is different from and subversive of the real meaning. The rule invoked by counsel for appellant is stated in their briefs, as follows:

"It is well settled by numerous cases, that when the habendum is repugnant and contrary to the granting clause, it is void. It can only affect the grant when it can be construed as consistent with the premises. It cannot divest the grantee of the legal estate already granted him in the premises, nor can the habendum frustrate a grant complete before, or abridge or lessen the estate granted." *Smith* v. *Smith*, 71 Mich. 640.

There is no room for the application of this rule to the facts of this case, for the reasons that:

1. There is no habendum clause repugnant to the granting clause. The clause, "Provided, however," etc., is not an habendum clause but a part of and limitation of the grant.

2. The intention of the deed is plain and must be given effect. *Evans* v. *Dunlap* (Ind. App.), 75 N. E. 297;

*Doren* v. *Gillum*, 136 Ind. 134; *S. E. & H. L. Shepherd Co.* v. *Shibles*, 100 Me. 314; *Collinsville Granite Co.* v. *Phillips*, 123 Ga. 830.

3. The technical rule relied upon does not apply in the construction of statutory deeds. *Welch* v. *Welch*, 183 Ill. 237.

Section 9016, 3 Comp. Laws, does not render the above decision inapplicable. That section reads as follows:

"It shall not be necessary to use the words 'heirs and assigns of the grantee' to create in the grantee an estate of inheritance; and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed."

The language used in *Welch* v. *Welch*, quoting from a prior decision, is applicable to sections 9015 and 9016 of our Compiled Laws:

"The statute to which reference is made excepts, by its terms, cases in which a less estate than a fee is limited, by express words, and since it does not enjoin that this limitation shall only appear in the granting clause, it is, obviously, unimportant to the present question. The granting clause in this deed (which is the same in the deed here in question) merely describes the property conveyed, and does not pretend to define the nature or character of the estate granted. If it were followed by no language assuming to supply what is thus omitted, it would result, by legal implication, under the statute relating to conveyances, that the estate conveyed was a fee. But the habendum follows, for the express purpose of describing what estate in the property is conveyed. It does not contradict the language of the granting clause, but simply supplies what is omitted therefrom, and removes all necessity for resorting to implication to ascertain the intention of the parties."

The learned judge before whom this case was heard placed a correct construction upon the deed in question, and his decree is affirmed, with costs of this court to complainant.

McALVAY, GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.