SARAH YEAGER, Appellant, v. J. A. FARNSWORTH, Appellee.

Conveyances: ESTATE IN FEE. Under the statute every conveyance of real estate passes the entire interest of the grantor, unless a contrary intent may be inferred from the terms of the instrument; the term, heirs, or other technical words of inheritance are not necessary to create and convey an estate in fee.

Same: PRESENT INTERESTS: FUTURE ENJOYMENT. While estates may be created to commence in the future the conveyance must take effect *in presenti,* by granting a present interest.

Same: CONSTRUCTION. The intent of a grantor and the nature of the estate granted must be determined from the conveyance itself, and every part of the instrument must be given effect if possible.

Same. Where an estate of inheritance was created by the granting clause of a deed, at common law the habendum would not be allowed to contradict or defeat it, but might be resorted to for the purpose of explaining the estate granted; but where an estate of inheritance was not definitely created in the granting clause the habendum, tending to enlarge, restrict or impugn the granting clause, would be given effect.

Same. The purpose of the habendum clause in a deed is to define the estate granted; but where that has already been clearly and definitely expressed, anything in the habendum tending to destroy the purpose or intent of the grantor would of necessity be repugnant and void.

**Same.** At common law a conveyance without words of inheritance gave the grantee a life estate by implication, but this might be enlarged by the habendum clause. The rule now generally applied is that a conveyance must be construed as a whole and the grantors intent given effect, unless contrary to law or some established rule of construction.

**Same:** ESTATE GRANTED. The granting clause of a deed need not name the heirs of the grantor and grantee; especially where the habendum clause undertakes to pass a remainder. The deed in the instant case recited that the grantor, who was the husband of the grantee, did thereby sell and convey the described premises unto the grantee, which was followed by the usual covenant of warranty. Then followed the provision that "after her death to be equally divided between her and his heirs," naming them. *Held*, that the fee was not conveyed to the grantee and her heirs, but that she took a life estate with the remainder to the heirs of both.

**Same:** FORM OF CONVEYANCE. No particular form of words is necessary to constitute a conveyance, especially where the remainder is disposed of by the habendum clause; but a conveyance is valid if containing words signifying an intent of the grantor to transfer the property or his interest therein.

**Same:** REMAINDERS: VALIDITY. It is not material to the creation of a remainder that it be equally divided among the remaindermen on the death of the life tenant, especially where the remaindermen are specifically named.

**Same:** VESTED REMAINDERS. A remainder given to certain parties specifically named in the deed, after the death of the life tenant, is a vested remainder.

*Appeal from Wayne District Court.*—HON. H. K. EVANS, Judge.

TUESDAY, JANUARY 27, 1914.

ACTION to quiet title.—*Affirmed.*

*Miles & Steele,* for appellant.

*Carter & Bracewell,* for appellee.

GAYNOR, J.—On the 2d day of October, 1911, Sarah Yeager filed in the district court of Wayne county, her petition, wherein she claims that on the 7th day of November, 1893, one Wm. Yeager executed and delivered to her the following deed:

Know all Men by These Presents: That William Yeager, of Wayne county, and state of Iowa, in consideration of the sum of three thousand dollars, in hand paid by Sarah Yeager, of Wayne county, and state of Iowa, do hereby sell and convey unto the said Sarah Yeager, the following-described premises: (Here follows a description of the premises;) and he hereby covenant with the said Sarah Yeager that he hold said premises by title in fee simple; that he has good right and lawful authority to sell and convey the same; that they are free from incumbrance, and he covenants to warrant and defend the said premises against the lawful claims of all persons whomsoever, as long as the said Sarah Yeager still lives, and after her death, to be equally divided between her and his heirs, J. R. Yeager, T. J. Yeager, M. Farnsworth and Jessie M. Yeager, and the said ——— hereby relinquishes her right of dower in and to the above-described premises.

The petition further shows that the said William Yeager was the owner of the property at the time said deed was made; that Sarah Yeager was then his wife; that on the 24th day of May, 1907, Yeager died; that M. Farnsworth, who is mentioned in the deed, T. J. Yeager, and Jessie M. Yeager are the children of plaintiff and William Yeager; that J. R. Yeager, mentioned in said deed, was a son of William Yeager by a prior marriage; that, while the consideration named in said deed is $3,000, the real consideration was love and affection; that the M. Farnsworth, mentioned in said deed, died on the 11th day of December, 1896; that she left surviving her her husband, the defendant, and one child, Edna, who died without issue, March 8, 1911.

Plaintiff says that she is in the actual possession of said land; wherefore she asks that her title in said land be quieted

against the defendant, and that she be decreed the absolute and unqualified owner of the same as against this defendant.

To her petition, the defendant demurred on the following grounds: (1) That the facts stated in the petition show that plaintiff is not entitled to the relief demanded. (2) That it shows upon its face that she had only a life estate in the land, and not a fee. (3) That, under the deed, defendant is entitled to a one-fourth interest in said land, subject to the life estate of the plaintiff. This demurrer was sustained, and plaintiff electing to stand upon the petition, the petition was dismissed at her costs; to all of which she excepted, and brings this case on appeal.

The deed under consideration, upon its face, conveys to Sarah Yeager the fee title to the land in controversy. Under our present statute, the term "heirs" or other technical words of inheritance, are not necessary to create and convey an estate in fee simple. Section 2913 of the Code of 1897. "Every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." Section 2914 of the Code of 1897.

1. CONVEYANCES: estate in fee.

It is well settled by a long line of adjudications that a deed conveying a title to, or interest in, land, to be effectual, must be in præsenti. The deed itself must create and define the character of the interest intended to be conveyed, and must give to the party, by its terms, the interest which he seeks to enforce, or to have recognized and enforced. Our statute provides that estates may be created to commence at a future date. This means that a present interest granted makes the conveyance good, although the taking and enjoyment of the interest conveyed is postponed to a future time.

2. SAME: present interest: future enjoyment.

We must look to the instrument itself for the intent of the grantor, and the nature of the estate granted.

3. SAME: construction.

Under the modern doctrine, courts are required to con-

strue and give effect to every part of the instrument in ascertaining the intent and purpose of the grantor, and, where it is possible to do so, under the recognized canon of construction and interpretation, must give effect both to the granting clause and habendum.

Where an estate of inheritance is created in the premises or by the granting clause, under the common law, the habendum may be resorted to to explain or qualify the estate granted, but would not be allowed to contradict or defeat it. But, where the estate granted may or may not be of inheritance, then, according to the common law, the habendum was permitted to control, for, the estate not being defined definitely in the granting clause, there would be nothing inconsistent with it in the habendum declaring the quality or character or extent of the interest transferred, or, in other words, where it is not definitely shown by the granting clause that an estate of inheritance was intended to be granted, and the habendum discloses an intent to enlarge, restrict, or repugn the granting clause, the habendum will be given full force.

4. SAME.

The object of an habendum clause is to define the grantee's estate. Where it has already been definitely defined and clearly expressed, then anything in the habendum which would tend to destroy the object, purpose, or intent of the grantor, as shown in the grant, would, of necessity, be repugnant thereto and void. Two estates could not stand repugnant to each other in the same instrument.

5. SAME.

At common law, a grant or conveyance, without words of inheritance, gives the grantee, by implication, but a life estate, but even then the habendum might enlarge the estate.

6. SAME.

In the case before us, we have a deed in which the grantor undertakes to sell and convey unto the plaintiff the land in controversy, without words of inheritance. He does, by the terms of the deed, sell and convey unto her the land, but

without words of inheritance. Under section 2913, nothing further appearing in the habendum, she would take a fee-simple title and an estate of inheritance. It is claimed, however, that the habendum reduces the estate conveyed from a fee to a life estate, and the claim is based upon the provision in the deed, "after her death, to be equally divided between her and his heirs," naming them. There is no other provision in the deed which suggests a limitation on her fee, except in the clause preceding the above quoted, wherein the grantor recites: "He covenants to warrant and defend the said premises against all persons whomsoever as long as the said Sarah Yeager still lives." This is a limitation either upon the warranty or upon the estate. It is claimed that he might well have concluded to warrant and defend the title in her while she still lived, and to withhold any warranty of defense thereafter. We are satisfied that this limitation must be construed with the clause that follows in order to ascertain the intent of the grantor.

If the plaintiff, under this deed, which in its granting clause conveys to her a fee title to the premises in controversy, is to be reduced to a life estate, then, of course, the fee title must, by the deed itself, be invested in others. It could not remain in abeyance. The parties named in the habendum appear for the first time there. Is the estate invested in them by the habendum? If so, they must have become invested at the time of the execution of the deed, and under and by the terms of the deed. If they are invested, then the legal title was by the deed transferred by the grantor to them, subject only to the life estate of the plaintiff. It is true, as to them, that there are no direct words of conveyance.

The rule now generally applied is that deeds should be construed as a whole, and the grantor's intent carried out, unless this in some manner offends against accepted canons of construction. The deed passed a present interest in the premises, either a fee to Sarah Yeager or of life estate to her, with remainder to J. R., T. J., and Jessie M. Yeager and M. Farns-

worth, the parties named in the last clause of the instrument quoted. It is not therefore a will in which precatory words are used. There is no question as to any title being in abeyance, for there always was a particular estate, either for life, or in fee, in Sarah M. Yeager. If a life estate, with an estate in remainder, that fee would pass in enjoyment immediately upon the death of Sarah Yeager, no matter when it might occur.

The only question before us is the construction of the deed. It does not give an estate to the grantee, her heirs, successors, or assigns, and contains no other words of inheritance other than those mentioned in the last clause of the will. This last clause is an habendum.

7. SAME: estate granted.

It is true that the heirs of the grantor and grantee are not named in the granting clause. This is not necessary, especially where the habendum undertakes to pass a remainder. Omitting, for the present, the warranties in the deed, it by its terms sells and conveys unto Sarah Yeager the premises, describing them, "and after her death, to be equally divided between her and his heirs, J. R. Yeager, T. J. Yeager, M. Farnsworth, and Jessie M. Yeager." There is no repugnancy because the grant to Sarah Yeager has no words of inheritance and creates no definite estate, and is therefore subject to control by the habendum.

There is indicated in the deed a purpose on the part of the grantor that the heirs named should have the land after the death of Sarah Yeager. If other words of inheritance had been expressed in the premises or granting clause, as heirs, etc., the case would fall within the rule of the *Prindle* case, reported in 153 Iowa, 234. But they are not in this deed. Moreover, even if it be said that the other limitation in the deed, "as long as the said Sarah Yeager still lives," applied to the warranty and not to the grant to Sarah, yet such language may be considered in arriving at grantor's intention in making the conveyance. If he intended an absolute fee-simple con-

veyance, why limit the warranty "as long as the grantee still lives." If he intended this limitation to apply to the warranty, he, we think, intended that his wife should hold a life estate only. The deed is inartificially drawn, and the term more naturally would apply to the title granted.

But, however this may be, it is clear to the mind that the grantor did not intend that the title should pass as a fee to the grantee and her heirs, but that he undertook to change the devolution, so that, upon the death of his wife, the remainder should go to the heirs of both of them. That he could do this by deed is unquestioned, and that he passed a present interest to both the grantee and to the remaindermen, with right to future enjoyment only by the remaindermen postponed, seems quite clear. See Tiffany on Real Property, sections 121-125 et seq., and cases cited.

No particular words are necessary to constitute a conveyance, especially where a remainder is disposed of by the habendum clause. A conveyance is valid, provided it contains 8. SAME: form of any words signifying an intention on the part conveyance. of the grantor to transfer the land or his interest therein. Webb v. Mullins, 78 Ala. 111; Brown v. Manter, 21 N. H. 528 (53 Am. Dec. 223); Jackson v. Root, 18 Johns. (N. Y.) 60; Evenson v. Webster, 3 S. D. 382 (53 N. W. 747, 44 Am. St. Rep. 802). That the grantor intended to pass his entire estate and that he intended the heirs of himself and wife to take the property after the death of his wife, is made certain by a reading of the whole instrument.

It is entirely immaterial to the creation of a remainder that it is to be equally divided among the remaindermen on the death of the life tenant, especially where the remainder- 9. SAME: remainders: validity. men are specifically named. Doe ex dem. Poor Lessee v. Considine, 6 Wall. 458 (18 L. Ed. 869); Pike v. Stephenson, 99 Mass. 188; Corse v. Chapman, 153 N. Y. 466 (47 N. E. 812); Parker v. Ross, 69 N. H. 213 (45 Atl. 576).

The only question arising in such cases is whether the

remainder is vested or contingent. Under our rule, it is vested. We have two cases which are decisive of this controversy. One is *Beedy v. Finney*, 118 Iowa, 276, and the other is *Husted v. Rollins*, 156 Iowa, 546. In the former case, the conveyance was very similar to the one here. In the premises, the grantor sold and conveyed to Lucy Beedy, and following the description was this: "It is understood and agreed that the above conveyance is to be good and valid during the life of said Lucy H. Beedy, the grantee, but at her death the property, or the value thereof, to revert to the heirs of said Lucy H. and N. J. Beedy." This was followed by the usual covenants of warranty. Judge Ladd, writing the opinion of the court, said:

10. SAME: vested remainders.

The main contention of appellant is, that the granting clause conveyed an absolute title, and that the habendum is in conflict therewith and, for this reason, void. But the former describes no definite estate. Doubtless, if standing alone, it would pass title, as under our statute a deed is to be construed as conveying 'all the interest of the grantor therein unless a contrary intent can reasonably be inferred from the terms used' (section 2914, Code); and the use of the term 'heirs' or other technical words of inheritance, is no longer essential to the transfer of an estate in fee simple (section 2913, Code). But the use of such words may have so strong a bearing in determining the intention of the grantor as to preclude the validity of a subsequent restriction or limitation. Where, however, the premises purport to convey without qualification or description, there can be nothing inconsistent with it in habendum declaring the character or quality of the thing transferred, for that is not elsewhere defined. The repugnancy, to defeat the habendum, must be such that the intention of the parties either cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect. If, from the entire instrument and attending circumstances, it appears that the grantor intended to enlarge, restrict, or even repugn the conveyancing clause, the habendum will control. It is then to be regarded as an addendum or proviso to the granting clause, which will control it even to the extent of destroying its effect. In short, the

modern rule requires the consideration of the deed as a whole, and not in separate and distinct parts, as was formerly done, and the finding of repugnancy avoided whenever all the provisions of the instrument may, without ignoring the accepted canons of construction, be given force and carried into effect. *Bassett v. Budlong,* 77 Mich. 338 (43 N. W. 984, 18 Am. St. Rep. 404) ; *Williams v. Bentley,* 27 Pa. 294; *Bodine's Adm'rs v. Arthur,* 91 Ky. 53 (14 S. W. 904, 34 Am. St. Rep. 162) ; 1 Jones, Real Property, chap. 20; *Berridge v. Glassey,* 112 Pa. 442 (3 Atl. 583, 56 Am. Rep. 324) and note; *Powers v. Hibbard,* 114 Mich. 533 (72 N. W. 339, 346) ; *Doren v. Gillum,* 136 Ind. 134 (35 N. W. 1101).

In the last case the court said: 'Words importing a greater estate than one for life in the first taker may, by force of context, be so limited as to give the first taker a life estate only, with a remainder over. *Reeder v. Spearman,* 6 Rich. Eq. (S. C.) 89; *Gillam v. Caldwell,* 11 Rich. Eq. (S. C.) 73. The estate may be limited in the habendum, although not mentioned in the premises of a deed, and without the use of the word "remainder." *Wager v. Wager,* 1 Serg. & R. 374; *Wommack v. Whitmore,* 58 Mo. 448. And the latter part of a deed has been allowed to control, and rendered what seemed to be a fee, a life estate in the first taker. *Prior v. Quackenbush,* 29 Ind. 475, *Montgomery v. Sturdivant,* 41 Cal. 290; *Riggin v. Love,* 72 Ill. 553; *Baskett v. Sellars,* 93 Ky. 2 (19 S. W. 9) ; *Humphrey v. Foster,* 13 Grat. (Va.) 653; 9 Am. & Eng. Ency. Law (2d Ed.) 141. As already indicated, the fee did not pass, because, in the words of the statute, a contrary intent can reasonably be inferred from the terms used. Construing the premises and habendum together, as we are bound to do, their provisions are easily harmonized, and the conclusion reached that but a life estate was conveyed to the wife. The cases cited by appellant are not in point, as in all an absolute fee was passed by the granting clause. See *Pierson v. Lane,* 60 Iowa, 60; *Case v. Dwire,* 60 Iowa, 442; *Teany v. Mains,* 113 Iowa, 53.

It would be difficult to find two cases more nearly alike. The other case follows this one, and, in addition, specifically decides that, as to a remainderman, there is no need for any recitation of his name in the premises; that the grant may be found from the habendum and given effect as the transfer of

a remainder.    The difference between the cases on which appellant relies is pointed out in the quotation already given. In each of those cases, an absolute estate in fee was conveyed by the granting clause.    The citations are so full and ample in the two cases cited that no attempt to add more is made. The *Beedy* case, 118 Iowa, 276, is not distinguishable from the case at bar.    What is said in the *Prindle* case manifestly had reference to the fact that the deed in that case, by the granting clause, conveyed an absolute fee-simple estate to the grantee and his heirs.    The California case seems to turn wholly upon the construction of the language used, and does not announce any principle of law at variance with those announced in our prior decisions.—*Affirmed.*    All concur.