ADDIE SHULTZ et al., Appellants, v. LEE PETERS et al., Appellees.

No. 43861.

MAY 4, 1937.

Ferguson & Ferguson, for appellants.

L. H. Mattox and Earl C. Fishbaugh, Jr., for appellee Lee Peters (Lee Shultz).

PARSONS, J.—Norman B. Shultz and Addie Alice Shultz were husband and wife, residing in Page County, Iowa, and had three children: Jessie, Joseph and George Shultz. Addie Alice Shultz brought suit for divorce against her husband, and decree of divorce was granted on the first day of September, 1908. In the divorce decree a stipulation was entered into by the parties. This stipulation and decree is material in this case insofar as

they relate to the 120 acres of land in section 33, township 69, north, range 40 west, of the 5th P. M. in Fremont County, Iowa, involved in the controversy in the case now before this court.

The stipulation set out the description of the land, and that the purpose of the husband was to give, lease and convey to Addie Alice Shultz the life use of the land, and the rents, profits and possession thereof "so long as she shall live". It also provided:

"As a still further part of the consideration above mentioned, the said N. B. Shultz aforesaid conveys to Jessie Clark, Joseph Shultz and George Shultz, who are the children of N. B. Shultz and Addie Alice Shultz, the fee title to said land, subject, however, to the following conditions: The possession and use of said land to be in Addie Alice Shultz as long as she shall live. The purpose of this conveyance is that at the death of Addie Alice Shultz, Jessie Clark and Joseph Shultz and George Shultz are to be seized with the title to said land, providing the said Jessie Clark, Joseph Shultz and George Shultz survive their mother, Addie Alice Shultz. Should either one of said grantees, Jessie Clark, Joseph Shultz, George Shultz, die before their mother, Addie Alice Shultz, and leave no direct heirs of their body, the grantees thus surviving shall take the fee to all of said land at the death of their mother aforesaid; but should either one of the grantees, to-wit: Jessie Clark, Joseph Shultz, George Shultz, die before their mother, Addie Alice Shultz, and leave direct heirs of their body, the heirs thus surviving said grantee or grantees shall take the same as said deceased grantee or grantees, and so on. The purpose of this conveyance being that no surviving husband or spouses of the grantees, Jessie Clark, Joseph Shultz or George Shultz, shall have any right or title in and to the above described property by and through this conveyance or otherwise so long as any direct heirs of the bodies of said grantees, or any of them, shall survive."

Norman B. Shultz died intestate July 9, 1921; Addie Alice Shultz, plaintiff in the divorce action, died intestate June 8, 1935; Jessie Shultz first married one Clark and then married one Schmidt or Smidt, and died July 17, 1921, leaving as her husband William Schmidt, or W. B. Smidt, and without issue; Joseph Shultz died single, without issue, December 5, 1917; and George Shultz died December 3, 1926. He was first married to

one Iva Miller, and there was born in wedlock to him and his wife a son, Lee Shultz, now known in this record also as Lee Peters. Iva Miller divorced George Shultz in February, 1916, and she subsequently married one Roy Peters.

So it appears that at the time of the death of Addie Alice Shultz none of the children born to her and Norman B. Shultz were living, and the record shows there were no children born to any of the three children of Norman B. Shultz and Addie Alice Shultz, except the son born to George Shultz, while he was married to Iva Miller Shultz, the said Lee Shultz or Lee Peters. So under the stipulation and decree of the court in the divorce case which provides that if any of the children should die before Addie Alice Shultz died and left direct heirs of their body, the heirs thus surviving should take the same as the deceased grantee of grantor, etc.

Apparently from this record no one could take under this stipulation, if it is to be carried out, except Lee Shultz, or Lee Peters, as known in this record. And under the further stipulation that no surviving husband or spouse of any of the three children should have any right, title or interest in the land, they would be cut off if this stipulation is to be given a literal interpretation and carried into effect.

After George Shultz was divorced from Iva Miller, Shultz married one Addie Shultz and she was left surviving George as his widow.

On the 18th day of July, 1935, Addie Shultz, the surviving widow of George Shultz, and one J. A. McPherrin, filed in the district court of Fremont County a petition in equity claiming McPherrin was the owner of 7/12ths of the 120 acres of land in section 33, involved in the divorce case of Norman B. Shultz and wife, and that Addie Shultz was the absolute owner of 5/12ths of the real estate. The petition set forth the fact that Addie Alice Shultz had the use of the land until 1935, when she died, and that the unknown parties to the action were the possible surviving husbands or heirs of any of the children named in the stipulation, and it made Lee Shultz, or Lee Peters, a party to the action, and prayed for a decree quieting title in Addie Shultz and J. A. McPherrin, and for other relief.

Lee Shultz filed a cross petition in this action and claimed to be the owner of the land in controversy; set forth the proceedings in the divorce action, and the death of the different

parties; that none of the children left direct heirs, other than his father, and asked that title be quieted in him, claiming he owned the entire tract of real estate involved herein. He also filed a separate answer, setting out he was the son of George Shultz and Iva Miller, born in lawful wedlock; that his father and mother were divorced, and that later on his mother married one Roy Peters, and that since that time he had been called Lee Peters, but that his true name is Lee Shultz. He especially denied that Addie Shultz or McPherrin had any interest in the property, and pleaded a stipulation in the divorce decree between Norman B. Shultz and Addie Alice Shultz conveying the land involved, and the limitations as to the right of the survivors, or nonsurvivors of Addie Alice Shultz, and prayed for judgment and decree quieting title against all other claimants.

To the cross petition answer was filed raising no particular issues of interest here. The case was tried, mostly upon stipulation of facts, the material facts involved which have been set out heretofore in this opinion.

So the question naturally arises in this case, which it is necessary to determine,—What are the rights of the parties; what was the effect of the arrangements between Norman B. Shultz and his wife, Addie Alice Shultz, at the time of the divorce action, and should these be carried into effect?

The district court found for and entered a decree in favor of Lee Shultz, and that all the allegations of his cross petition were true; the time of the death of the various parties, and that Lee Shultz was born in lawful wedlock to George Shultz and his former wife, Iva Shultz; and that he is the only direct heir of the body of any of the three children of the said Addie Alice and Norman B. Shultz, and ordered that the petition of plaintiffs'be dismissed; that the title in the land involved in the cross petition be and the same is hereby established in Lee Shultz in fee simple against the adverse claimants of Addie Shultz and McPherrin, and against all persons claiming by or through either of them, and making a provision as to costs. Appeal to this court was taken.

 The appellants in their brief refer to section 10042 of the Code providing that every conveyance of real estate passes all the interests of the grantor therein, unless a contrary intent can be reasonably inferred.

Take the language of the stipulation and decree in the

divorce case of Norman B. Shultz, which says: ''As a still further part of the consideration above mentioned, the said Norman B. Shultz aforesaid conveys to Jessie Clark, Joseph Shultz and George Shultz, who are the children of Norman B. Shultz and Addie Alice Shultz, the fee title to said land, subject to the following conditions:''. The statute has no application here, or at least has not the application that the appellants would put on it in this case. The very clause makes the grant to these three children subject to the conditions. These conditions and the stipulation show that Shultz intended his divorced wife should have the use of the property for life, and that it should not go out of the family, the descendants of himself and his wife, and that no spouse could claim dower rights therein, and that no one of the three children who did not survive their mother should take any interest in the real estate at all, and further, that if any child died prior to the death of Addie Alice Shultz, without issue, its interest should go to the surviving children or child of its parents. The stipulation further provided that no spouse of any of such children of this couple should, by reason of being a spouse, take any interest in the land involved. As each of the children of this divorced couple died prior to the passing away of Addie Alice Shultz, then none of such children took any interest by the terms of this conveyance. But, as George Shultz left issue, born to him and his first wife in lawful wedlock, that son would take the entire estate in fee simple. So that a contrary interest is expressed in the deed itself.

█▌█ We are well aware of the rule that where an estate is granted in the granting clause, that ordinarily it cannot be taken away, but in this case the granting clause, so-called, was as we have recited before, upon conditions stated in the granting clause itself, and we see no reason in common sense or law why this should not be the rule laid down here.

Appellants cite Husted v. Rollins, 156 Iowa 546, 137 N. W. 462, 465, 42 L. R. A. (N. S.) 378, and Yeager v. Farnsworth, 163 Iowa 537, 145 N. W. 87.

In the Husted case the court says, on page 554, in speaking of granting clauses and the *habendum*:

''Notwithstanding these somewhat arbitrary rules, common-law courts have almost universally given effect to both the

granting clause and the *habendum* whenever it was possible to do so by fair construction." (Citing authorities.) Further, this opinion says: "Again, if the estate is briefly defined in the premises and more specifically in the *habendum,* the latter will control, for that is its office." Again the court says: "The modern rule, and the one we have adopted, is to construe the whole instrument without reference to the formal divisions in order to effectuate, if possible, the grantor's intent." And, "Where, however, the premises purport to convey *without quali-fication or description,* there can be nothing inconsistent with it in the *habendum* declaring the character or quality of the thing transferred, for that is not elsewhere defined."

In the Yeager case, the court laid down the rule that the intent of a grantor and the nature of the estate granted must be determined from the conveyance itself, and every part of the instrument must be given effect if possible.

In Beedy v. Finney, 118 Iowa 276, 278, 91 N. W. 1069, 1070, cited in the Husted case, it says:

"Where, however, the premises purport to convey without qualification or description, there can be nothing inconsistent with it in the habendum declaring the character or quality of the thing transferred, for that is not elsewhere defined. The repugnancy, to defeat the habendum, must be such that the intention of the parties either cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect. If, from the entire instrument and attending circumstances, it appears that the grantor intended to enlarge, restrict, or even repugn the conveyancing clause, the habendum will control. It is then to be regarded as an addendum or proviso to the granting clause, which will control it even to the extent of destroying its effect. In short, the modern rule requires the consideration of the deed as a whole, and not in separate and distinct parts, as was formerly done, and the finding of repugnancy avoided whenever all the provisions of the instrument may, without ignoring the accepted canons of construction, be given force and carried into effect."

So we are of the opinion that on these authorities alone, the intent of Shultz as expressed in the stipulation, approved by the court, must be carried out, as this intent is absolutely clear.

And we might rest this opinion upon these authorities alone and affirm the lower court.

Among the other cases cited by the appellees are Yeager v. Farnsworth, 163 Iowa 537, 145 N. W. 87; Glenn v. Gross, 185 Iowa 546, 170 N. W. 783; Iowa Farm Credit Corp. v. Halligan, 214 Iowa 903, 241 N. W. 475. These cases all support the rule that the conveyance is to be taken as a whole, that the evident intent of the grantor in the conveyance be carried out. True, there may be limitations upon this, but the limitations did not apply here for the reason that in the very clause in which it is provided that upon the death of Addie Alice Shultz it is recited, ''subject to the following conditions'', which are then set out, so that all the conditions apply.

In the Yeager case the rule is laid down that the intent of the grantor and the nature of the estate granted must be determined from the conveyance itself, and every part of the instrument must be given effect if possible.

In the Glenn case it was decided where a habendum clause provides that the conveyance shall be nullified as to a grantee who sells the premises prior to the death of the grantor, that the grantor retains the income, use, control and possession during his lifetime; and that a named sum shall be a charge on the land and payable to a named person by grantee after grantor's death, is not irreconcilable with or repugnant to a general granting clause which makes no pretense of defining the estate granted.

In the Iowa Farm Credit Corp. case, it was held that a provision in an ordinary warranty deed absolutely prohibiting a sale or conveyance of any part of the land during the lifetime of the grantor without the consent of the grantor, is not repugnant to the deed if the unrevealed purpose of said prohibition is legal. The modern rule requires the consideration of the deed as a whole, and not in separate and distinct parts, as was formerly done, and the finding of repugnancy avoided whenever all the provisions of the instrument may, without ignoring the accepted canons of construction, be given force and carried into effect. See, also, 18 Corpus Juris, pages 333, 334, par. 330; Adams v. Fischer, 143 Mich. 673, 107 N. W. 705.

So we are of the opinion that in the stipulation in the divorce matter, through which children of Norman B. Shultz and Addie Alice Shultz had their estate, grantor defined his intent; and that as Lee Shultz, also known as Lee Peters, succeeded to the

634

ownership of the land in controversy, under the facts, upon the death of Addie Alice Shultz, that the district court was right in its decision in this case, and for these reasons the case is hereby affirmed.—Affirmed.

RICHARDS, C. J., and MITCHELL, KINTZINGER, DONEGAN, SAGER, ANDERSON, and STIGER, JJ., concur.